V. A. WALLACE, Appellant, v. MARTHA A. CHERRY, Respondent.

**Kansas City Court of Appeals, November 19, 1888.**

Growing Crops: SALE OF MORTGAGED PREMISES.  There has never been any question but that as between a mortgagor, or a stranger, and the mortgagee, a sale of the mortgaged premises covered growing crops.

*Appeal from Jasper Circuit Court.*—HON. M. G. MCGREGOR, Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Phelps & Brown*, for the appellant.

(1) The principle is well established that the purchaser of mortgaged premises at the trustee's sale under a deed of trust is entitled to the crops growing at the time of the sale and delivery of the trustee's deed to him in preference to the mortgagors or any one claiming under them whose claim originated subsequent to the mortgage.   2 Jones on Mort. sec. 1658.   All the right, title and interest of defendant in the wheat in controversy was entirely divested by the sale under the Brinkerhoff deed of trust; and the plaintiff, by virtue of his deed from Brinkerhoff, trustee, was entitled to the growing crops on the mortgaged premises as against the

defendant, who was one of the mortgagees. *Linden-bower v. Bently*, 86 Mo. 515 ; 1 Wash. on Real Prop. 142 ; *Shepard v. Philbrick*, 2 Denio, 174. A lessee of the mortgageors, under a lease executed subsequent to the mortgage, is not entitled, as against the mortgagee, to the crops growing on the mortgaged premises at the time of the sale of the same ; and the mortgagee becoming the purchaser may maintain trespass against the lessee for taking the crops away. *Lane v. King*, 8 Wend. 584. (2) The wheat in question having been growing on the mortgaged premises at the time the trustee Brinkerhoff sold said land under the deed of trust, the court erred in refusing to give plaintiff's instruction enunciating that doctrine.

No brief for the respondent.

ELLISON, P. J.—This action is replevin for a quantity of wheat in the bin. Defendant prevailed below and plaintiff appeals.

In December, 1882, defendant and her husband were the owners of the premises upon which the wheat in controversy was afterwards grown. At that time they conveyed the same to W. E. Brinkerhoff as trustee to secure an indebtedness to plaintiff. The defendant and her husband were residing on the land on which the wheat was grown at the time of the execution of the deed of trust and continued so to reside up to his death, which occurred in 1883. The defendant remained on the land until this suit was instituted, and in the fall of 1884 she rented the land on which the wheat was grown to one Ben Jones, one-third of the crop to be paid as rent. On the thirteenth of December, 1884, at the request of plaintiff, Brinkerhoff, trustee, sold the land under the deed of trust, and plaintiff became the purchaser at said sale, paid the purchase money and received from the trustee, a deed therefor. A short time after the sale plaintiff saw Jones, informed him that he had purchased the land, and at the same time exhibited his deed, and

stated to him that he was the owner of the land upon which this wheat was growing, and that he must turn over or account to him (plaintiff) for one-third of the wheat then growing on the place. This Jones agreed to do. Jones afterward delivered the wheat in controversy to the defendant.

There is no controversy here involving the rights of a tenant. No brief having been presented for defendant, it is difficult to see on what just or legal ground she can base a defense to this action. There has never been any question but that as between a mortgageor or a stranger and the mortgagee, a sale of the mortgaged premises covered growing crops. It is not necessary to consider the evidence on the question of attornment.

The judgment will be reversed and the cause remanded with directions to enter the proper judgment for plaintiff. All concur.