HAYDEN v. BURKEMPER, *Plaintiff in Error.*

**Deed of Trust, Foreclosure of:** GROWING CROPS. The purchaser of land sold under a deed of trust is entitled to the crops sown by the mortgagor, and growing upon the land at the time of the sale.

*Error to St. Charles Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*R. H. Norton* and *T. F. McDearmon* for plaintiff in error.

(1) The court erred in refusing the first instruction asked by defendant. It was a correct declaration of law in the case. *Jenkins v. McCoy*, 50 Mo. 349; *Adams v. Leip*, 71 Mo. 598; *White v. Wear*, 4 Mo. App. 341; *Harris v. Turner*, 46 Mo. 438; *Kennett v. Plumer*, 28 Mo. 145; *Morgner v. Biggs*, 46 Mo. 66; *McAllister v. Lawler*, 32 Mo. App. 91. (2) The court erred in refusing defendant's second instruction. It was a correct declaration of law in the case. *Adams v. Leip*, 71 Mo. 597; *Jenkins v. McCoy*, 50 Mo. 348; *Harris v. Turner*, 46 Mo. 438; *McAllister v. Lawler*, 32 Mo. App. 91. (3) Defendant's third instruction was correct, and should have been given. *Morgner v. Biggs*, 46 Mo. 66, and authorities *supra.*

*Theodore Bruére* for defendant in error.

(1) The court was right in refusing the first instruction asked by plaintiff in error. This is no case where the mortgagee entered for breach of condition of the mortgage. A sale had taken place under a deed of trust and the purchaser at said sale became entitled to the possession of the lands and to the crops then growing thereon. All rights Burkemper had before the sale to sever the crop from the land were gone and extinguished by the sale. *Steele v. Farber*, 37 Mo. 80; *Salmon v. Fewell.* 17 Mo. App. 118. (2) The court properly refused the second instruction asked by plaintiff in error. *Garth v. Caldwell*, 72 Mo. 622; *Salmon v. Fewell*, 17 Mo. App. 123; *Culverhouse v. Worth*, 32 Mo. App. 427; *Wallace v. Cherry*, 32 Mo. App. 436. (3) The third instruction refused by the court is not the law, nor was there any evidence that the wheat crop was put in with the approval of defendant in error.

The mere fact that he permitted the plaintiff in error to sow wheat cannot change the terms of the deed of trust nor effect his rights under it.

BLACK, J.—J. R. Hayden brought this action of replevin against Christian Burkemper to recover eighteen hundred shocks of wheat, alleged to be of the value of eight hundred dollars.

There is no dispute as to the facts. Plaintiff sold two hundred and forty acres of land to one Cambron on the tenth of September, 1882. Cambron, at the same time, gave plaintiff a deed of trust on the land to secure seven notes, one for fifty-five hundred dollars, due in five years, one for two thousand dollars, due in three years, and five for three hundred and ninety-five dollars each, being annual interest notes. On the tenth of September, 1884, Cambron sold the land to defendant, who assumed payment of the notes as part of the purchase price. Defendant paid plaintiff seven hundred and eight dollars on the fifth of January, 1886, to be applied on the two interest notes first maturing, but he made no other payments. Plaintiff assigned the two thousand dollars to Mrs. Stahlschmidt, and transferred the fifty-five-hundred-dollar note to Dyer as collateral security. Plaintiff frequently urged defendant to pay the notes which were due, and defendant as often promised to do so, but never fulfilled his promises. Matters stood in this shape on the fourth of June, 1887, when the land was sold under the deed of trust and Dyer became the purchaser.

Defendant took possession of the land at the date of his purchase, and at the time of the trustee's sale had sixty-five acres in wheat which was nearly ripe. Dyer sold the growing crop of wheat to plaintiff, and gave him a bill of sale therefor. Plaintiff and defendant both claimed the wheat after the trustee's sale, but defendant being in possession cut it, and hence this suit.

On the foregoing facts the circuit court gave judgment for the plaintiff which was affirmed by the St. Louis court of appeals. The case was then certified to this court because one of the judges deemed the opinion in conflict with prior decisions of this court.

The case presented by this record falls within plain and very well-settled principles of law. The deed of trust was in effect a mortgage. The defendant having purchased the land subject to the deed of trust thereon stood in the position of a mortgagor in possession. The case then is simply this: The mortgage was foreclosed by a sale thereunder, while the mortgagor was in possession and the owner of the growing wheat sown and owned by him; and the question is, to whom does the wheat belong? It was held by this court years ago that a conveyance of land carried the crop of wheat growing upon it, owned by the vendor. Growing wheat, it was held, is a part of the freehold and passes along with the land on which it is sown. *McIlvaine v. Harris*, 20 Mo. 458. As between an executor and a devisee, a devise of land carries with it crops growing upon the land, owned by the testator. *Pratt v. Coffman's Ex'r*, 27 Mo. 425. These cases are cited with approval in *Steel v. Farber*, 37 Mo. 72. So, too, the purchaser of mortgaged premises at a foreclosure sale is entitled to the crops which were sown by the mortgagor, and were growing upon the land at the date of the sale. 2 Jones on Mort., sec. 1658. And this for the reason that under such circumstances growing crops are accessories to the land. The rule of law that annual crops are treated as personal property for the purposes of a sale of them separate from the land does not affect this case. The purchaser at the trustee's sale became the owner of the growing wheat as against the mortgagor, and he had the right to, and did, sell it to the plaintiff. On the undisputed facts, the judgment of the trial court is right, so that it is unnecessary to speak of the instructions.

We may now notice the cases which it is claimed lead to a different result. *Harris v. Turner et al.*, 46 Mo. 438, was an action of forcible entry and detainer. It was held that, where A had entered upon the land of B and planted a crop, and was in the peaceable possession of the same, no superior right of B would justify him in ousting A by force. *Morgner v. Biggs*, 46 Mo. 66, holds that one person may have the ownership of growing crops separate from the ownership of the land by reason of a license to sow or plant the crop. In *Jenkins v. McCoy*, 50 Mo. 348, the plaintiff purchased land from Fisher, on which the defendant had planted and cultivated a crop of corn which he gathered and removed after the land had been conveyed to the plaintiff. It was held that notwithstanding the defendant planted and cultivated the corn without the consent of Fisher and was a trespasser, still he was not liable to either the plaintiff or Fisher for the value of the corn ; but it is there said if Fisher had planted and cultivated the corn it would have passed to plaintiff by the deed. *Adams v. Leip*, 71 Mo. 597, is quite like the cases just mentioned. *Garth v. Caldwell*, 72 Mo. 622, was an action of replevin to recover cord wood, corn in shock, "and six acres of corn on the stalk." The petition, it was held, stated a cause of action, even as to the corn on the stalk. These cases show that there can be, and often is, an ownership of the growing crops in one person, while the ownership of the land is in another. These cases are wholly unlike the one in hand, and we do not see that they assert any principle inconsistent with the conclusion before stated. The judgment is affirmed. All concur.