LOUIS FISCHER, Appellant, v. MICHAEL C. JOHNSON et al., Respondents.

Kansas City Court of Appeals, November 14, 1892.

1. **Mortgages**: EMBLEMENTS SOWN BEFORE CONDITION BROKEN. Under the foreclosure of a mortgage, the title to growing crops passes to and vests in the purchaser, even though they were sown before condition broken.

2. ———: TENANT OF MORTGAGOR: SOWER: SECURITY: POSSESSION. *Arguendo:*

(1) As against the mortgagee the mortgagor's tenant has no greater right than the mortgagor, who has no right to the crop, because of his two voluntary acts of making the mortgage and breaking its condition.

51  157
59  390

51  157
63  55
63  491

51  157
133m 107

51  157
70  207

51  157
s139m 434
s74  65

51  157
96  1447

(2) The rule that a tenant of uncertain tenure should reap what he sowed is not applicable to a mortgagor or his tenant.

(3) A lessee with a notice of a prior mortgage must understand a foreclosure will carry the crops as part of the land.

(4) A mortgage is a mere security charged on the land, with the rents and profits of which the mortgagor may pay the debt and interest, but, if he broke the condition of the mortgage, the legal title with right of entry passes to the mortgagee that he may take the rents and profits to apply on the debt.

(5) A sale under a mortgage with power of sale is not different from a sale made directly by the mortgagor himself which would carry the crops as a part of the land.

3. ———: TITLE BASED ON FRAUDULENT DEED OF TRUST: PLEADING. A title based on a deed of trust may be defeated by showing such deed of trust was obtained in a manner rendering it a nullity, which may be done under a general denial.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Boyd & Murrell,* for appellant.

(1) The evidence of fraud in the execution of the deed of trust was improperly admitted. *First.* No allegation of fraud was made in any of the pleadings. Bigelow on Fraud, ch. 8, secs. 1, 2, p. 114. *Second.* No rights claimed by any of the defendants in this suit could be affected by such pretended fraud. *Third.* A deed of trust, regular on its face, cannot be attacked or set aside for fraud in a replevin suit; it can only be attacked by the grantor in the deed of trust, or one claiming under him in a direct proceeding to set the same aside. *Haeussler v. Glass Co.,* 52 Mo. 452. *Fourth.* A replevin suit cannot be used to litigate title to land. (2) The third and fourth instructions asked by the plaintiff were correct declarations of the law in this case, and should have been given by the

court. *Salmon v. Fewell,* 17 Mo. App. 118, and cases cited; *Hayden v. Burkemper,* 101 Mo. 644; *McIlvane v. Harris,* 20 Mo. 457. (3) The first instruction given by the court for the defendants was erroneous, and should have been refused. It was not in accordance with the law of this state. *Hayden v. Burkemper,* 101 Mo. 644; *Salmon v. Fewell,* 17 Mo. App. 118, and cases cited; *Steel v. Farber,* 37 Mo. 80; *Anderson v. Strauss,* 98 Ill. 485; 1 Jones on Mortgages, secs. 697, 780; 2 Jones on Mortgages, sec. 1658, and cases cited.

*Scott & Cooney,* for respondents.

(1) This case rests on the decision given in *Hayden v. Burkemper,* 40 Mo. App. 346, and the interpretation therein placed on prior decisions. (2) Under the pleadings defendants had the right to introduce any evidence that would attack or tend to destroy the title offered by plaintiff to the property in controversy. *Christy v. Scott,* 31 Mo. App. 339; *Claflin v. Sommers,* 39 Mo. App. 421; *Young v. Glasscock,* 79 Mo. 574; *Greenway v. James,* 34 Mo. 328; *Com. Co. v. Mason,* 16 Mo. App. 473; *Eider v. Hedges,* 38 Mo. App. 52.

ELLISON, J.—About March 1, 1890, plaintiff rented a farm of defendant Johnson for one year, and went into possession. The following fall he sold to his said landlord, Johnson, the right to enter and sow a portion of said farm in the wheat and rye, from which grew the grain in controversy. In the following year, plaintiff being still in possession, but as tenant of another party, Johnson entered, cut and shocked the grain, against plaintiff's consent, as is alleged.

Before plaintiff rented of Johnson, he, Johnson, had given a deed of trust on the premises, and a sale under this deed of trust took place shortly after Johnson sowed the grain under his arrangement with plaintiff.

One John B. Colton purchased the land at such sale, whereupon plaintiff attorned to him, and took also a lease from him for an additional year, plaintiff thus being in possession of the land as Colton's tenant when the defendant Johnson cut and shocked the wheat. Plaintiff brought replevin for the grain·and lost his case in the trial court.

The defense was twofold: *First*, that, since defendant sowed the wheat before condition broken in the deed of trust, he was not affected by the deed of trust, and, *second*, that the deed of trust was procured by fraud practiced upon the defendant. The latter defense seems to have been abandoned, as we judge by defendant's brief, and, as no such issue was presented to the jury by instructions, we will assume it to be abandoned.

The first defense, and the instruction of the court sustaining it, we are of the opinion are not tenable. In *Hayden v. Burkemper*, 40 Mo. App. 346, the court of appeals at St. Louis, suggested that such defense would be good, but the point was not involved in that decision, since condition was broken in the deed of trust in that case before the crop was sown. The case was certified to the supreme court, and the decision there is as it was in the court of appeals, viz., that a sale under a mortgage or deed of trust carried title to growing crops which had been sown by the mortgagor. The law is broadly stated and no difference is noted between crops sown before or after condition broken. 101 Mo. 644. And so the same thing is broadly stated, and no distinction noted, in *Salmon v. ·Fewell*, 17 Mo. App. 118, and in *Wallace v. Cherry*, 32 Mo. App. 436, as well as [in *Vogt v. Cunningham*, 50 Mo. App. 136; Wood's Landlord & Tenant, sec. 126.

It ought to be clear that a mortgagor's tenant ought not to have any greater rights against the mortgagee than the mortgagor himself has. The mortga-

gor has no right to the crop as against a purchaser under the mortgage for the reason that by two voluntary acts on his part he has brought about a sale of the land, which carries with it the growing crop as a part thereof. These two voluntary acts are the execution of the mortgage and afterwards breaking the condition therein. The tenant of the mortgagor must claim through the mortgagor, and he ought not to be permitted to set up the voluntary acts of his lessor (which brought on the sale by breaking the contract with the mortgagee) to aid his position as against the mortgagee. "A mortgagor can make no lease or contract respecting the mortgaged premises effectual to bind the mortgagee or prejudicial to his title." *Murphy v. Welch*, 128 Mass. 489; 1 Hilliard on Mortgages, 193. See also *Kennett v. Plummer*, 28 Mo. 142. The rule, sometimes said to be upheld to encourage agriculture, that a tenant of uncertain tenure should reap what he sows, is not applicable in this state to a mortgagor or a tenant claiming under him, as against the mortgagee. He who sows should reap only provided he has not wilfully sown in face of the superior right of another. Besides the uncertain tenure which is the base of this right to reap must arise from the fact that the particular estate is defeasible by the act of the parties, or by the act of God; not those who have particular estates uncertain as being defeasible by right *paramount;* for in the latter case he who has the paramount title has the emblements. *Lane v. King*, 8 Wend. 587.

If a lease of which the mortgagee would be chargeable with notice be made prior to the mortgage, the mortgagee could perhaps only rightly claim as against the lessee to substitute himself to the rights of the mortgagor, such as to receive the rents, etc. But when the lessee accepts his tenancy with notice of the prior

mortgage, he should be taken as understanding that, if there be a breach of the mortgage and foreclosure, the foreclosure sale will convey the crops as a part of the land. He knows when he puts in his crop that his right thereto is liable to be taken away by title paramount, if this title should ripen before the crop is severed.

The modern doctrine as to a mortgage is that it is a mere security for a debt, and in Missouri this is true even after condition broken. *Pease v. Pilot Knob*, 49 Mo. 124. It is a charge upon the land out of which the debt secured may be made. The mortgagor in possession is enabled, by such possession and receipt of the rents and profits, to pay the interest and debt. If he breaks the condition the legal title passes to the mortgagee, and he may enter, and for that purpose may bring ejectment (*Walcop v. McKinney*, 10 Mo. 229; *Johnson v. Houston*, 47 Mo. 227; *Wood v. Hilderbrand*, 46 Mo. 284; *Kennett v. Plummer*, 28 Mo 142; *Jones v. Mack*, 53 Mo. 147; *Masterson v. Railroad*, 72 Mo. 342), thus taking to himself the rents and profits to apply on the debt and interest. But, when he forecloses and sells, the purchaser gets title to the growing crop as a part of the land, as much as he would to a tree standing thereon. In many of the states the rights of mortgagor and mortgagee are defined, limited or enlarged by statute. So that the statutory policy of each state should be considered in determining the force of a decision of any particular state. In this state we have no statute declaring what estate the mortgagor and mortgagee may have in the mortgaged premises, and we find ourselves governed by the doctrine announced by the courts uninfluenced, in this respect, by statute.

The form of the modern mortgage or deed of trust, in use with us, only conveys a title upon condition. If this condition is faithfully performed, there is no oper-

ative conveyance of title, nor is there any such conveyance until this condition is broken. Yet, notwithstanding this, I can see nothing to distinguish a sale under a mortgage under authority given by the mortgagor from a sale made directly by the mortgagor himself. In the latter case there is no doubt that growing crops would go with the land; and one claiming under the mortgagor, with notice of the mortgage, can certainly be in no better position than the mortgagor himself. This position is, I believe, recognized by those holding to the view, that title to a crop sown before condition broken does not pass under a sale, and they, therefore, maintain that the mortgagor himself will retain the title to the crop if he has sown it before breaking the condition of his mortgage. As before stated, I cannot agree to this.

Johnson was the mortgagor and lessor in this case who hired the ground upon which the grain was sown of his tenant, but we have treated him herein as though an original tenant of a mortgagor.

II. As the cause is to be remanded, it is well enough to add, that as plaintiff's title to the grain is based on the deed of trust, such title may be defeated by showing such deed of trust was obtained in a manner rendering it a nullity. And this may be done under a general denial.

Judgment reversed and cause remanded. All concur.