59 387;
133m 107

RIGDON M. WATSON, Respondent, v. JEFFERSON D. MENTEER, Appellant.

Kansas City Court of Appeals, November 19, 1894.

1. **Mortgage:** GROWING CROP: FORECLOSURE. The purchaser of land at a sale under a deed of trust becomes, by such purchase, the owner of corn which was standing on the land at the time of such sale.

2. ——: SEVERED CROP. Where, at the time of a foreclosure sale, corn has been severed from the mortgaged premises by the mortgagor, his tenant in possession, or by the vendee of either, it is no longer subject to the lien of the deed of trust, and the sale will not convey title thereto.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Draffen & Williams* for appellant.

(1) The court erred in taking the case from the jury by instructions, as there was evidence before the jury tending to prove that a part of the corn in controversy had been severed from the land before the date of the sale, under which plaintiff claims title. (2) The court erred in refusing to allow witness Menteer to tell how much of the corn that was sold to Harness by defendant had been gathered or severed from the land before the date of the trustee's sale. (3) The court committed error in refusing to give defendant's first instruction, relating to the removal of a part of the corn from the leased premises before the sale took place under the deed of trust. *Willis v. Moore*, 46 Am. Rep. 289; *Myers' Assignees v. White*, 1 Rawle, 355. (4) We insist that the sale of the land by the trustee did not even pass that portion of the crop that was growing thereon at the time. *Garth v. Caldwell*, 72 Mo. 627; *Myers' Assignees v. White*, *supra*.

*R. M. Watson* for respondent.

(1) The appellant was the lessee of the mortgagor. *First.* "The lessee of the mortgagor stands in the place of the mortgagor. He has all, but only all, the

rights of the mortgagee." *Salmon v. Fewell*, 17 Mo. App. 118, 125. *Second.* "The lessee holding the land under a lease from the mortgagor, made subsequently to the mortgage, without the concurrence of the mortgagee, has no greater right to the growing crop than the mortgagor." *Salmon v. Fewell, supra.* (2) "The crops, as well as the land, were a security for the mortgage debt." *Salmon v. Fewell, supra.* (3) A sale of the corn to Harness by the mortgagor, prior to the foreclosure sale, could not work a constructive severance of the crop. *Steele v. Farber*, 37 Mo. 80; *Salmon v. Fewell, supra.*

ELLISON, J.—The owner of certain farming lands in Cooper county, June 26, 1890, gave a deed of trust thereon, to secure the payment of a promissory note. Afterward the owner died and his administratrix, in the month of March, 1891, rented the land to a tenant who planted a crop of corn, which he sold about the first of July, while growing, to one Harness, receiving part of the purchase money. On the twenty-ninth of August, 1891, the land was sold under the provisions of the deed of trust, one Watson becoming the purchaser at such sale. Harness who had purchased the corn of the tenant, as stated, paid the purchase money due thereon into court, the two claimants Watson and the tenant, interpleading for the same. The trial court gave instructions declaring Watson, the purchaser of the land, to be entitled to the money arising from the sale of the corn, and the tenant has brought the case here by appeal. It is important to state that the evidence tends to show that a part of the corn was severed and delivered to Harness before the sale under the deed of trust and that the balance was severed and taken away after the sale.

In our opinion the purchaser of the land at the sale

under the deed of trust became, by that purchase, the owner of the corn which was yet standing on the land. This proposition we regard as fully covered by the decisions of this court in the cases of *Salmon v. Fewell*, 17 Mo. App. 125, and *Fischer v. Johnson*, 51 Mo. App. 157.

But the title to that portion of the crop which had been sold and severed before the sale took place was not conveyed by the sale of the land under the deed of trust. For the growing crop planted by the mortgagor or his tenant in possession, is only subject to the lien of the deed of trust while it remains unsevered. If it remains standing upon the land at the date of the sale under the deed of trust, the purchaser becomes the owner thereof as completely as he does of the land of which the unsevered crop is but a part. When, however, it is severed by the mortgagor or his tenant in possession, or, which is the same thing, by the vendee of either, then it is no longer subject to the lien of a deed of trust and a sale under the deed of trust will not convey title to such severed crop. This proposition was satisfactorily passed upon in *Vogt v. Cunningham*, 50 Mo. App. 136. Questions bearing more or less analogy to the one here presented were considered in the cases of *McAllister v. Lawler*, 32 Mo. App. 91; *Oyster v. Oyster*, 32 Mo. App. 270; *Wallace v. Cherry*, 32 Mo. App. 436, and the cases cited in these opinions. None of them are considered as conflicting with the views herein expressed.

The first instruction asked by the appellant should have been given. The judgment is reversed and the cause remanded. All concur.