MICHAEL R. FOWLER, Respondent, v. ALONZO CARR *et al.*, Appellants.

Kansas City Court of Appeal, November 18, 1895.

1. **Trustee's Sale**: IRREGULARITY: LEGAL TITLE: NOTICE. Where the trustee in a deed of trust makes a sale and conveys the property, the legal title will not b e invalidated because of some irregularity—such as the failure to give the required notice.

2. ———: FORECLOSURE: EMBLEMENTS. 'The purchaser of land sold in the foreclosure of a mortgage takes along with the title to. the land all crops sown by the mortgagor, or his tenants with notice, and which were growing on the land at the date of the sale.

3. **Mortgagor**: FORECLOSURE: EMBLEMENTS: ESTOPPEL. Where a party by word or act causes another to believe in the existence of a certain state of things, and such other in good faith acts on that belief so as to alter his own previous condition, then such first party will be precluded from showing a different state of things; but on the evidence in this case there is no ground for estopping the purchaser at the foreclosure sale.

*Appeal from the Ray Circuit Court.*—Hon. E. J. Broaddus, Judge.

AFFIRMED.

*John A. Cross* and *Lavelock, Kirkpatrick & Divel-biss* for appellants.

(1) The notice of sale not having been published the requisite length of time, the attempted sale thereunder did not pass the title to the property in controversy. 2 Perry on Trusts [3 Ed.], sec. 602 t; 1 Hilliard on Mortgages [4 Ed.], sec. 20, pp. 142, 143; 11 Jones on Mortgages [5 Ed.], sec. 1838, pp. 702, 703, 704; *Balridge v. Walton*, 1 Mo. 520; *Thornburg v. Jones*, 36 Mo. 514; *Goff v. Roberts*, 72 Mo. 570; *Ohnsorg v. Turner*, 87 Mo. 127; *Bigler v. Waller*, 14 Wall. 297; *Shillaber v. Robinson*, 92 U. S. 77. (2) The power to sell the land described in the deed of trust, by Hardin Steele, was derived exclusively from the deed itself, and such power must be exercised in strict conformity with the term and requirements therein set forth. 2 Perry on Trusts [3 Ed.], sec. 602 g; *Powers v. Kneckhoff*, 41 Mo. 426; *Eitelgeorge v. Bldg. Ass'n*, 69 Mo. 52. (3) The trustee had no authority to sell the land described in the deed of trust at the time he advertised the same for sale. 11 Jones on Mortgages [5 Ed.], sec. 1831, p. ——; *Turk v. Stahl*, 53 Mo. 437; *McCoy v. Farmer*, 56 Mo. 244; *Heard v. Richey*, 112 Mo. 516; *Brown v. Shock*, 27 Mo. App. 351; *Eitelgeorge v. Bldg. Ass'n*, 69 Mo. 52; *Long v. Long*, 79 Mo. 644; *Bldg. Ass'n v. Kratz*, 55 Ind. 394; *Mfg. Co. v. Evans*, 84 Va. 717. (4) A deed of trust creates no estate in the land described therein until condition broken but only gives a lien for the debt secured thereby. Crops planted on the mortgaged premises by a tenant before

condition broken will not pass to the purchaser under a foreclosure sale, if the tenancy commenced before the deed of trust was given and continued to the sale and the fact of the tenancy was known by the mortgagee or beneficiary. 2 Jones on Mortgages [5 Ed.], sec. 1658, p. 553; 1 Washburn on Real Property [4 Ed.], p. 135, 137; *Logan v. Railroad*, 43 Mo. App. *loc. cit.* 75; *Heavilon v. Bank*, 81 Ind. 249; *Hecht v. Dettman*, 56 Iowa, 679; *Richards v. Knight*, 78 Iowa, 69. (5) The plaintiff, having permitted the defendant Louk to cultivate the corn and harvest the hay crop, ought not to reap the fruits of defendant's labor. 2 Wash. on Real Prop. [4 Ed.], p. 136; *Chouteau v. Goddin*, 39 Mo. *loc. cit.* 251.

*J. L. Farris, J. L. Farris, Jr., & Craven,* for respondent.

(1) The legal title, after conditions broken, vests in the trustee under the deed of trust, and a deed by such trustee, even in breach of trust, conveys title. *Schanewerk v. Hoberecht*, 117 Mo. 31; *Walcop et al. v. McKinney's Heirs*, 10 Mo. 229; *Meyer v. Campbell et al.*, 12 Mo. 603, 604; *Hubble v. Vaughan*, 42 Mo. 138; *Sutton v. Mason*, 38 Mo. 120. (2) The trustee's deed introduced in evidence was not void for the reason stated by appellants, to wit, that it did not give the requisite notice of foreclosure sale. *Kennedy et al. v. Siemers et al.*, 120 Mo. 73; *Engine & Thresher Co. v. Donovan et al.*, 120 Mo. 423. (3) Purchaser at foreclosure sale under deed of trust takes the crop, etc. *Hayden v. Burkemper*, 101 Mo. 644; *Salmon v. Fewell*, 17 Mo. App. 118; *Wallace v. Cherry*, 32 Mo. App. 436; *Culverhouse v. Worth*, 32 Mo. App. 427. (4) The defendants are estopped from denying the validity of the trustee's deed in question, having accepted the

proceeds of the sale of the real estate therein described. *Boogher v. Frazier*, 99 Mo. 325; *Kennedy v. Siemers*, 120 Mo. 86.

GILL, J.—In April, 1891, defendant Carr borrowed of plaintiff Fowler $3,500, for which he gave his note due one year from date, and, to secure the same, executed a deed of trust on certain land in Caldwell county. The debt was not paid at maturity; the trustee sold the land in May, 1892, and plaintiff Fowler became the purchaser for a sum of about $600 in excess of the debt and costs, and this excess was paid over to Carr. At the time the loan was made, as well as at the date of the foreclosure sale, defendant Louk (who is Carr's son-in-law) was residing with said Carr on the land. At the trial, both defendants testified that Louk, all the time, occupied the relation of tenant to Carr. Of this, however, plaintiff had no notice at any time. Immediately after plaintiff's purchase of the land, under the sale by the trustee, he attempted to get possession and control. Louk declared himself in possession and refused to consider any proposition made by plaintiff to rent the land to him (Louk) for the year.

In August following, plaintiff brought this action of replevin to recover the corn and hay crop grown that season on the premises. It had been planted and was a growing crop at the date of the foreclosure sale in May. A change of venue was taken from Caldwell to Ray county, where a trial was had before the court, without a jury, resulting in a judgment in plaintiff's favor, and defendants appealed.

From the evidence it appears that the notice of sale by the trustee was published for twenty-nine days only prior thereto, whereas, the deed of trust required thirty days' notice. This irregularity in the trustee's sale forms the basis of the principal attack made on the

judgment. It is claimed by defendants that the trustee's failure to follow the requirement of the instrument under which he acted, vitiated plaintiff's title to the land; and that, as he got no title to the real estate, he, of course, acquired no right to the crop grown thereon.

However sound this contention may seem, in the light of former decisions in this state, the late rulings of the supreme court in the *Schanewerk case* (117 Mo. 22), the *Kennedy case* (120 Mo. 73), and *Springfield Engine case* (120 Mo. 423), have settled the point here adversely to the defendants. It is there held, that where the trustee shall make a sale and convey the property to a purchaser, the legal title will not be invalidated because of some irregularity—such as the failure to give the notice required by the deed of trust, or to sell at the place named in the deed of trust; that the purchaser, even under such irregular sale, will get the legal title, subject only to an equitable right of redemption in the grantor of the deed of trust. In this suit at law, then, where the answer is in effect only a general denial, it must be conceded that plaintiff Fowler acquired, by the trustee's deed to him, the legal title to the land; and, having the real estate, he became the owner of everything connected therewith, which would go with the land, as in a regular and ordinary sale.

The case, then, is this: In May, 1892, plaintiff became the owner, by purchase under trustee's sale, of the land on which the mortgagor and his tenant then resided. The corn and hay in controversy constituted then a growing crop on the premises. Under these circumstances, who was the owner of these crops? The appellate courts of this state have given a decisive answer to this question in favor of the claim of plaintiff Fowler. *Hayden v. Burkemper*, 101 Mo. 644; *Vogt v. Cunning-*

*ham*, 50 Mo. App. 136; *Fischer v. Johnson*, 51 Mo. App. 157; *Salmon v. Fewell*, 17 Mo. App. 118.

These and the other numerous authorities therein cited, hold that the purchaser of land sold in the foreclosure of a mortgage, or deed of trust, takes along with the title to the land all crops sown by the mortgagor, or his tenant with notice, and which were growing on the land at the date of the sale. As a general rule, the rights of the mortgagor and his tenant are the same; the latter can only claim through his landlord, and if the emblements would be lost to the mortgagor, they likewise are lost to his tenant. In this case, the defendant Louk (who claims to have occupied the land as defendant Carr's tenant) had full prior knowledge of the making of the deed of trust in April, 1891; he was present at the execution thereof. If, then, he was in 1892 a renter from the mortgagor, and, as such, planted the crop in controversy, he occupied no better position than the mortgagor.

There is no element of estoppel in this case, as seems to be suggested by defendants in the closing paragraph of their brief. It is true that where a party, by word or act, causes another to believe in the existence of a certain state of things, and such other in good faith acts on that belief so as to alter his own previous condition, then such first party will be precluded from showing a different state of things from that which he led the other party to believe. Defendant's counsel have cited *Chouteau v. Goddin*, 39 Mo. 229, where this equitable rule is announced. But there is no room for its application here. Plaintiff said nothing, did nothing, to even *encourage* these defendants in the belief that he would not make claim to the crop growing on the land in the season of 1892. From the very date of the sale he clearly exhibited a contrary intention. He went to the farm and demanded recognition of his rights,

and the defendants refused to recognize him, or that he had any interests there which they were bound to respect. Louk (the so-called tenant) declined in any way to treat with Fowler, the purchaser, and explicitly and bluntly informed the plaintiff that he was the tenant of the mortgagor, Carr.

The judgment is for the right party and will be affirmed. All concur.