TILLIE E. TIMOTHY, IDA HICKS AND JAMES D. HICKS, APPELLANTS, v. BEN W. HICKS, RESPONDENT.—164 S. W. (2d) 99.

St. Louis Court of Appeals. Opinion filed July 7, 1942.

*Smoot & Smoot* for appellants.

*L. F. Cottey* and *Allen Rolston* for respondent.

McCULLEN, J.—This action in replevin was brought by appellants, as plaintiffs, against respondent, as defendant, to recover 32 acres of corn on the stalk on a farm owned by plaintiffs and located in Scotland County, Missouri. A trial before the court and a jury resulted in a directed verdict in favor of defendant upon which judgment in favor of defendant and against plaintiffs was rendered. Plaintiffs duly appealed.

Plaintiffs' petition alleged that, on July 1, 1941, they were the owners and entitled to the possession of 32 acres of growing corn on the stalk on lands belonging to plaintiffs. The land was fully described in the petition. Plaintiffs further alleged that on said date defendant wrongfully took said corn on the stalk from the possession of plaintiffs and still wrongfully and unjustly detains the same to plaintiffs' damage in the sum of $100. Plaintiffs prayed judgment against defendant for the recovery of the possession of said 32 acres of corn on the stalk and $100 damages for the taking and detention thereof, and prayed that, in case of delivery of said property could not be had, judgment be entered in their favor for $500, the value thereof.

With said petition plaintiffs filed an affidavit signed by plaintiff James D. Hicks stating, in substance, that plaintiffs are the owners and entitled to possession of the property described in the petition; that the same was wrongfully taken and detained by defendant; that their cause of action accrued within one year; that the value of the property is $500 and that the same had not been seized under any process, execution or judgment against plaintiffs.

The answer of defendant contained a general denial of the allegations of plaintiffs' petition, following which defendant averred that plaintiffs are the owners, as tenants in common, of the real estate mentioned and described in their petition, and that any right or interest plaintiffs have in or to the personal property described in their petition is derived to them solely by reason of their ownership

of said real estate as tenants in common thereof,.and that by reason thereof plaintiffs' cause of action, if any they have, has at all times been a joint one in which each of the plaintiffs is jointly interested and in which liability of defendant, if any, existed in favor of plaintiffs jointly and not severally; that, after the institution of this action and during its pendency in the trial court, on November 6, 1941, plaintiff Ida Hicks, in consideration of $150 paid to her by defendant, agreed with defendant, for herself and on behalf of the other plaintiffs herein, to permit defendant to gather and remove from the lands described the crop of corn standing thereon, and agreed to dismiss said action, to pay all costs and attorney's fees accrued therein, and to release defendant from any and all further liability on account of the cause of action alleged in plaintiffs' petition herein; that, by reason of said agreement and said release, this action should be abated and adjudged to be barred and should be dismissed and defendant discharged therefrom; that, at all times mentioned in plaintiffs' petition and for a long time prior thereto and at all times since, defendant and one Clark Hicks were in possession of all the lands mentioned in plaintiffs' petition under claim of right and adversely to any and all claims of plaintiffs.

The reply of plaintiffs to the amended answer of defendant, after denying generally the allegations of defendant, pleaded, by way of estoppel, a judgment in the partition of the lands described in plaintiffs' petition, upon which lands plaintiffs alleged the crop of corn was at the time of said judgment in partition then growing; that said judgment was rendered by the Circuit Court of Scotland County, Missouri, at the May Term, 1941, in said proceeding in partition wherein plaintiffs herein and one Joe Hicks were plaintiffs therein and defendant herein, Ben W. Hicks, was defendant therein; that the crop of corn in controversy herein was growing on said lands prior to and at the date of the rendition of the judgment in said partition suit and the sale of the lands by the sheriff, as ordered and directed by the judgment and decree of said circuit court; that the sale of said lands was made under said judgment and decree by the sheriff of said county on June 30, 1941; that at said sale defendant herein was present and bid on said real estate and the crops growing thereon; that plaintiffs being the highest and best bidders at said sale, the aforesaid real estate and crops growing thereon were sold to them; that the sheriff's report of said sale was duly confirmed and approved by the court and a deed was executed to plaintiffs as purchasers, and that the proceeds of the sale, after payment of costs and expenses thereof, were ordered to be and were distributed to the parties entitled thereto; that Ben W. Hicks, defendant herein, received from the sheriff his distributive share of said proceeds; that no appeal was taken from the judgment and orders of said court in said partition suit; that defendant, although appearing as a party in said partition

suit and being present and bidding at the sale of said lands, did not at any time make or assert any right or claim to possession of said lands or to any right, interest or claim to any of the growing crops thereon; that, by reason of said partition proceedings and the failure of Ben W. Hicks, defendant herein, to set up his claim to possession or adverse possession of said lands and the crops growing thereon at the time of the rendition of said decree in partition and the sale of said lands, he is estopped from now setting up such defenses or to assert any right or claim to the corn growing on said lands adverse to the claims and rights of plaintiffs herein.

The evidence shows that, on January 9, 1941, plaintiffs in this suit and Joe Hicks together brought a suit as plaintiffs in the Circuit Court of Scotland County, Missouri, against Ben W. Hicks, defendant herein as defendant therein, praying for a decree in partition of the lands involved in the present suit. Plaintiffs and defendant herein are brothers and sisters. Plaintiffs herein and defendant and Joe Hicks were tenants in common of the lands described in plaintiffs' petition herein, which was a farm of 83 acres known as the A. N. Hicks farm in Scotland County. The partition suit above referred to was returnable and triable at the May Term, 1941, of the Circuit Court of Scotland County. At said term defendant Ben W. Hicks appeared and filed his answer, a general denial, to the petition of plaintiffs therein. After a trial a judgment in partition was duly rendered and entered of record in said partition suit defining and adjudging the interests and rights of the respective parties to said suit and ordering the lands to be sold and the proceeds thereof partitioned between the parties as determined by said court.

Thereafter the lands mentioned were sold by the sheriff under the judgment of partition on June 30, 1941. It appears from the evidence that defendant Ben W. Hicks was present and bidding at the sale. Plaintiffs herein became the purchasers of the land sold at said sale.

Plaintiffs introduced in evidence in the case at bar the petition of plaintiffs in the partition suit, the answer of defendant therein, the judgment of the circuit court, the sheriff's report of the sale in partition, the order confirming the sheriff's report and acknowledgment to the sheriff's deed to the property, and the deed of the sheriff in partition conveying the real estate described to the plaintiffs in said partition suit in consideration of the sum of $4050 paid to the sheriff by said plaintiffs.

There is no dispute between the parties herein as to the regularity and legality of the proceedings in said partition suit. It appears from the evidence that, after the sheriff had conveyed the land in question to the plaintiffs in the partition suit, plaintiffs made an attempt, through the attorneys representing defendant in that suit, to get possession of the land from defendant who had been for sometime

prior to the judgment in partition and at the time of said judgment and sale thereunder in possession of the land. Nothing came of the attempt of plaintiffs to get such possession. This suit in replevin was filed on October 1, 1941, while defendant was still in possession of the land in question, and on October 8, 1941, the sheriff entered upon the land upon which the corn involved herein was then standing and took possession thereof.

It is conceded by plaintiffs that, at the time of the filing of their present action in replevin, they had not obtained possession of the lands through abandonment of the lands by defendant or by way of a writ of restitution.

The evidence on behalf of defendant was to the effect that plaintiffs and Joe Hicks, a brother of the parties herein, who was a party plaintiff in the partition suit but is not a party in this suit, had agreed in writing that defendant should occupy the farm as a home for himself and plaintiff Ida Hicks so long as Ida Hicks should live. Said agreement was dated July 13, 1936, and was signed by Ida Hicks, Joe Hicks, Tillie E. Timothy and James D. Hicks, as first parties, and B. W. Hicks as second party. Said agreement was introduced in evidence as defendant's Exhibit B. Shortly after Exhibit B was signed by the parties thereto, defendant moved onto the farm in question. The evidence shows that defendant B. W. Hicks and his son, Clark Hicks, farmed the land; that none of the plaintiffs farmed it, and that defendant and his said son lived on and farmed the land under the written agreement referred to; that at the time of the judgment in the partition suit and on the day of the sale of the land under said judgment in partition, defendant and his son had a crop of 32 acres of corn growing on the land; that after the sale defendant and his son continued to live on the farm and cultivated the crop of corn to maturity. It appears from the evidence on behalf of plaintiffs that Ida Hicks put up the money for purchase of the land at the sale under the judgment in partition.

Plaintiff James D. Hicks testified that, from a conversation with one of his counsel, he got the impression that plaintiffs were entitled to the possession of the land because they had bought it and that they made several efforts to obtain such possession; that he knew defendant was taking the crop off of the land and farming it, but that the first information he had that defendant and his son were claiming the crops in question herein was the day it was sold; that defendant and his son did not claim the crop until the papers were served; that neither defendant nor his son had ever mentioned about the crop until after the sale. Plaintiff James D. Hicks further testified that he didn't plant any corn on the land himself and neither did any of the other plaintiffs in this suit; that they had nothing to do with cultivating the crop of corn or bringing it to maturity.

It further appears from the evidence herein that, on October 6, 1941, after the filing of this suit in replevin, plaintiffs brought a suit in ejectment in the Circuit Court of Scotland County against defendant herein and his son as defendants therein, in which plaintiffs alleged in their petition therein that the defendants, on July 2, 1941, entered into possession of the premises in question and wrongfully withhold possession thereof. No judgment was ever rendered in said ejectment suit and it was still pending undetermined at the time of the trial of the replevin suit herein.

Defendant also introduced in evidence his Exhibit C, which is an agreement in writing signed by plaintiff Ida Hicks, Dated November 6, 1941, in which Ida Hicks agreed that, in consideration of the sum of $150 then in hand paid to her by Ben W. Hicks, said Ben W. Hicks should have, gather. and remove from the lands described in plaintiffs' petition herein the crop of corn which is in controversy; and further agreed to dismiss this cause and to release and hold Ben W. Hicks harmless from any and all further liability herein.

The return of the sheriff in this replevin suit shows that he executed the writ herein by taking the corn from defendant on October 8, 1941; that on November 17, 1941, he delivered to plaintiffs a part thereof, and that defendant had in the meantime gathered about one-third of said field of corn. The sheriff testified that, at the time he took possession of the corn, it was standing matured in the field; that up to November 17, 1941, when he delivered possession of the property to plaintiffs, all he had done was to post notices of his taking possession; that at the time of said delivery, he found defendant and his son shucking the corn and that they had shucked the part thereof that was gone.

Plaintiffs contend that the court erred in directing a verdict for defendant.

In support of the trial court's action, defendant relies mainly upon the decision of this court in Bechler et ux. v. Bittick et al. (Mo. App.), 121 S. W. (2d) 188, and argues that since plaintiffs did not obtain possession of the land in question through abandonment by defendant or by way of a writ of restitution in ejectment, they are not in a position to maintain this action in replevin against defendant, a former owner of the land as a tenant in common. We believe that the decision in the Bechler case, supra, is not applicable to the case at bar. No sale in partition to plaintiffs in said suit was involved in that case, whereas in the case at bar such a sale is the foundation of plaintiffs' claim to the corn involved herein. The relationship of the parties in said Bechler case was entirely different from that of the parties herein, as a reading of that case will show. In this case it is not disputed that plaintiffs purchased the land, on which the corn in question herein was growing, under the judgment in partition. The validity of that sale is not questioned. The judgment under which

that sale took place did not contain any reservations or exceptions whatsoever but simply and directly ordered that partition of the land be had and that partition in kind could not be made without great prejudice to the owners thereof; that the land be sold according to law and the proceeds from the sale thereof be partitioned between the parties to said suit according to their respective interests. The sheriff's deed, of course, conformed to the court's orders and judgment.

Defendant having been a party in all the proceedings in the partition suit without having made any effort at any stage thereof by plea, objection, motion or otherwise, to call the court's attention to what he now claims to be his right to the growing corn, which was not at the time of the trial nor at the time of the sale matured or severed from the soil, having participated in the sale of the property and having received his share of the proceeds of the sale without any objection, reservation or exception, cannot now be heard to question the right of plaintiffs to sustain this replevin suit for the possession or the value of the corn.

Under the evidence herein and under long-established principles of law, the judgment in partition rendered by the circuit court and the sale based thereon carried along with the land the crop of corn which was growing thereon at the time of the sale, and said corn became the property of plaintiffs who were the purchasers of the land at the sale. We are of the opinion that the sheriff's deed in the partition suit conveyed to plaintiffs, as purchasers at the sale, all of defendant's interest in the land and the crop of corn growing thereon without reservation and just as effectively and fully as though defendant himself, being one of the owners as a tenant in common, had by his own deed directly conveyed his interest to them.

In Landis v. Overton (Mo.), 293 S. W. 371, the court held that where, as in this case, a defendant answered in a partition suit and participated in the proceeds of the partition sale without asserting an adverse interest, such defendant could not subsequently dispute the purchaser's title. The court said:

"This partition suit proceeded to judgment, sheriff's sale and final confirmation thereof, and deed was ordered, executed, and delivered to the purchasers, and appellant herein, without ever objecting or asserting any adverse right or interest such as he now claims in said land, participated in the distribution of the proceeds arising from the sheriff's sale thereof. The judgment in partition and sale thereunder passed all the title appellant then had in the land, and he cannot dispute the title the purchasers acquired thereat." [Landis v. Overton (Mo.), 293 S. W. 371, 372.]

See also Section 1748, Revised Statutes Missouri 1939.

The cases cited by defendant in support of his contention are not, in our opinion, applicable to this case. They all show legal relation-

ships between the parties therein which are entirely different from those of the parties in the case at bar. We think the decision in this case as to the ownership of the corn must be governed by a line of cases quite different from those cited by defendant.

It has been held that, under the foreclosure of a mortgage, the title to growing crops passes to and vests in the purchaser of lands even though the growing crops were sown before the condition was broken. [Fischer v. Johnson, 51 Mo. App. 157.] The general rule with respect to this question is stated in 47 C. J., Section 824, as follows:

"In the absence of reservation to others, growing crops pass to the partition purchaser although the tenant may have an equity in the proceeds of the sale for the value of the crops."

In Hayden v. Burkemper, 101 Mo. 644, 647, 14 S. W. 767, our Supreme Court said:

"The mortgage was foreclosed by a sale thereunder, while the mortgagor was in possession and the owner of the growing wheat sown and owned by him; and the question is, to whom does the wheat belong? *It was held by this court years ago that a conveyance of land carried the crop of wheat growing upon it, owned by the vendor. Growing wheat it was held, is a part of the freehold and passes along with the land on which it is sown.* [McIlvaine v. Harris, 20 Mo. 458.] As between an executor and a devisee, a devise of land carries with it crops growing upon the land, owned by the testator. [Pratt v. Coffman's Ex'r., 27 Mo. 425.] These cases are cited with approval in Steel v. Farber, 37 Mo. 72. So, too, the purchaser of mortgaged premises at a foreclosure sale is entitled to the crops which were sown by the mortgagor, and were growing upon the land at the date of the sale. . . . And this for the reason that under such circumstances growing crops are accessories to the land. . . . The purchaser at the trustee's sale became the owner of the growing wheat as against the mortgagor, and he had the right to, and did, sell it to the plaintiff." (Italics ours.)

In Farmers' Bank of Hickory v. Bradley, 315 Mo. 811, 288 S. W. 774, which was an action in replevin, our Supreme Court, referring with approval to the Hayden case, *supra,* said:

"Respondent's position, in the light of the unquestioned rights of the purchaser at the foreclosure sale, is likewise untenable. It has long been the unbroken rule in this State that a conveyance of real estate, without reservation or exception, vests title to the growing crops, as well as the land, in the purchaser. In the words of Judge BLACK, speaking for this court in Hayden v. Burkemptor, 101 Mo. 644, l. c. 647, 14 S. W. 767, 20 Am. St. Rep. 643, 'under such circumstances growing crops are accessories to the land.' The rule of law that annual crops are treated as personal property for the purpose of a sale of them separate from the land does not affect this case. Had the parties to the deed of trust specially agreed therein as to the grow-

ing crops, such agreement would doubtless have been binding upon the purchaser at the foreclosure sale; but no such agreement is pleaded or shown.'' [Farmers' Bank of Hickory v. Bradley, 315 Mo. 811, 814, 288 S. W. 774, 775.]

As in the Farmers' Bank case, supra, so in the case at bar, no agreement, exception or reservation is shown to prevent or interfere with the application of the ''unbroken rule'' referred to in said Farmers' Bank case.

Hayward v. Poindexter, 206 Mo. App. 398, 229 S. W. 256, involved a sale of land and personal property wherein plaintiff therein alleged that he was the owner of certain land and of a growing crop of corn thereon; and that defendant wrongfully and against the will of plaintiff harvested said corn crop and appropriated it to his own use to plaintiff's damage. The trial court sustained defendant's demurrer to the evidence. In reversing said action, the Springfield Court of Appeals said:

''The rule announcing that crops pass with a deed to the land, in the absence of actual or constructive severance, either by the acts of the parties or by contemporaneous contracts, or by exception and reservation in the instrument conveying the land, is the well-recognized rule in this state in a large line of authorities. [See Wallace v. Cherry, 32 Mo. App. 436; Watson v. Menteer, 59 Mo. App. 387; Salmon v. Fewell, 17 Mo. App. 118; Hill v. Brothers, 217 S. W. 581; Fowler v. Carr, 63 Mo. App. 486; Cantrell v. Crane, 161 Mo. App. 308, 143 S. W. 837; Citizens' State Bank v. Knott, 199 Mo. App. 90, 202 S. W. 278]'' [Hayward v. Poindexter, 206 Mo. App. 398, 408, 229 S. W. 256, 259.]

In view of the foregoing authorities, we think that plaintiffs, as purchasers at the partition sale, which was held under a valid judgment in which no reservation or exception appeared, and as grantees in the sheriff's deed, properly executed pursuant to such judgment, were entitled to bring and maintain this action in replevin.

As to the written agreement of plaintiff Ida Hicks, relied on by defendant, wherein said plaintiff alone undertook to lease the land to defendant and to give him the right to take the crop of corn from the land, it will be noted that the agreement was executed on November 6, 1941, long after this action was begun and while it was pending. No doubt parties have a right to settle their controversies either before or after action is brought, as defendant contends, but we think such an agreement was not effectual to change the rights, obligations and legal relationship of the parties as they existed when the suit was instituted. Furthermore, there is no evidence whateoever to show that said plaintiff had authority to bind the other plaintiffs by such a disposition of their cause of action against defendant. The general rule, as stated in 62 C. J., Section 209, page 533, is as follows:

136

"Under ordinary circumstances neither tenant in common can, in dealing with third persons, bind the estate or person of the other by any act with relation to the common property, not previously authorized or subsequently ratified, for cotenants do not sustain the relation of principal and agent to each other, nor are they partners; and the rule which prevents them from binding each other applies with greater force after expiration of the cotenancy."

Whatever interest defendant acquired by virtue of such agreement of plaintiff Ida Hicks is a matter to be considered in connection with the amount of the recovery to be allowed upon a trial of the issues herein. Inasmuch as all the corn is of the same kind and its value may be measured and separated into such portions as the evidence may warrant, and since plaintiffs are tenants in common of the lands on which the corn stood, their interests being therefore several and not joint (62 C. J., Section 4, page 409), it follows that plaintiffs are in a position to maintain this replevin action. [Brumley v. McCormack (Mo. App.), 17 S. W. (2d) 597.]

We are of the opinion that the trial court erred in directing a verdict for defendant. The judgment is therefore reversed and the cause remanded for a new trial. *Hughes, P. J.,* and *Anderson, J.,* concur.