Price B. WILLIFORD and Kenneth Bowen, Plaintiffs-Appellants,

v.

Charles C. WHITE and Mary Alice White, Defendants-Respondents.

Price B. WILLIFORD and Kenneth Bowen, Plaintiffs-Respondents,

v.

Charles C. WHITE and Mary Alice White, Defendants-Appellants.

Nos. 10713, 10706.

Missouri Court of Appeals, Southern District, Division One.

July 13, 1979.

Douglas J. Patterson, Kansas City, for plaintiffs-appellants respondents.

Robert L. Jackson, Burke, Jackson & Hoffman, Kansas City, William Icenogle, Icenogle & Icenogle, Camdenton, for defendants-respondents appellants.

TITUS, Judge.

Plaintiffs Williford and Bowen filed a three-count petition (I) to quiet title to certain real estate, (II) to eject defendants husband and wife from the real estate and award plaintiffs rents and profits for the time defendants occupied the property and (III) to rescind a real estate contract for fraud. Defendants answered and counterclaimed for specific performance of the contract or, in the alternative, for damages because of plaintiffs' failure to comply with the terms of the agreement. Following trial, the court entered judgment quieting title to the property in plaintiffs, ejecting defendants therefrom and awarding plaintiffs money damages in the sum of $1.00. In addition, the judgment was in favor of defendants on the third count of the petition and awarded defendants $16,500 damages against plaintiff Williford on the alternative counterclaim. All parties have appealed.

## PLAINTIFFS' APPEAL

The three points relied on by plaintiffs read: "I Plaintiffs Williford and Bowen should have received more than nominal damages for rent while the defendants were in possession of the premises, pursuant to Section 524.110 R.S.Mo. II Plaintiff Williford should be responsible in quantum meruit pursuant to Count II of defendants' counterclaim only for those items which represent expenses by defendants for the improvement and completion of the residence in question and/or the reasonable value thereof. III Plaintiff Williford respectfully submits that the judgment entered against him in the sum of $16,500.00 [on defendants' alternative counterclaim] is in error as being outside the scope of the evidence, not supported by competent evidence and excessive."

█ Any apt informed reader of the points relied on, supra, will quickly note they were penned in violation of the mandatory requirements [*Bell v. Bell*, 538 S.W.2d 733, 735[1] (Mo.App.1976)] of Rule 84.04(d), V.A.M.R., which requires strict application and is appropriate to appellate review of court-tried cases. *Matter of Estate of Langford*, 529 S.W.2d 31, 32[3] (Mo.App. 1975); *Long v. Lincoln*, 528 S.W.2d 512, 513[1] (Mo.App.1975). Wherein and why plaintiffs should have received more than nominal damages for rent, wherein and why plaintiff Williford should be liable for only improvement expenses or the reasonable value thereof and wherein and why the $16,500 judgment for defendants was outside the scope of the evidence, unsupported by competent evidence and excessive are simple abstract conclusions whose meanings may be ascertained only after a search through the transcript on appeal and the argument portion of plaintiffs' brief. This we are not required to do. *Corning Bank v. Hager*, 560 S.W.2d 892, 894 (Mo.App.1978); *Brewer v. Blanton*, 555 S.W.2d 381, 386[12] (Mo.App.1977); *Sears v. Kistner*, 555 S.W.2d 74, 76[1] (Mo.App.1977); *Barber v. M. F. A. Milling Co.*, 536 S.W.2d 208, 209–210[4] and 211[13] (Mo.App.1976); *Cavaness v. Armstrong*, 525 S.W.2d 446, 447[3] (Mo. App.1975).

In addition to the foregoing, we note that plaintiffs' point II is penned naked of any citation of authority. Albeit *Thummel v. King*, 570 S.W.2d 679, 687[12, 13] (Mo. banc 1978) holds "that Rule 84[.04(d)] does not *require* citation of authority in every instance," it also states that "if the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language, . . . the court on appeal need not search for precedential support to overrule the contention." There is nothing in plaintiffs' point that qualifies it to be catalogued among the exempted categories enounced by *Thummel* and we respectfully decline the chore of briefing the matter for them.

For the reasons heretofore stated, plaintiffs' appeal is dismissed.

## DEFENDANTS' APPEAL

█ Defendants' first point relied on states: "The court erred in denying Defendants specific performance of their real estate contract and as a consequence erred

in quieting title in Plaintiffs and in ordering Defendants ejected from the real estate in question in that Plaintiff Bowen, by his conduct is estopped from denying the validity of the contract because Bowen did not cause the Warranty Deed conveying the property to him and Plaintiff Williford, dated March 26, 1958, to be recorded until June 1, 1973; permitted the records in the Office of the Camden County Assessor to show ownership of the real estate in Plaintiff Williford; permitted Williford to insure the property in Williford's name only; permitted Williford to deal with the property as his own; and permitted Defendants to go in and remain in possession of the real estate for a number of years and make improvements thereon."

The primary thing wrong with this point is that there is a total dearth of evidence that plaintiff Bowen delayed recording of the deed, permitted the assessor's records to show plaintiff Williford owned the property, permitted plaintiff Williford to insure the property in his name, permitted plaintiff Williford to deal with the real estate as his own or permitted defendants to take and retain possession of the property and make improvements thereon. Furthermore, the proof was the real estate sales contract signed only by plaintiff Williford (but not by his wife or plaintiff Bowen) was dated May 9, 1973, and that in June 1973, shortly after the deed conveying the property to plaintiffs was recorded, defendants were provided with a title report and an indemnity contract showing that plaintiff Bowen was owner of an undivided half interest in the property and that a Kenneth Hall had an outstanding agreement with plaintiffs to purchase the real estate which constituted a cloud on the title. But more importantly, Rule 55.08, V.A.M.R., and § 509.090, V.A.M.S., provide that estoppel is an affirmative defense which must be pleaded. Neither defendants' answer nor counterclaim reveals that estoppel was pleaded. The case was not tried on the theory of estoppel and no facts were proved that would constitute an estoppel. Since not presented to the trial court, the issue cannot now be considered. *White v. Wilks,*

357 S.W.2d 908, 913[12] (Mo.1962); *McIntosh v. City of Joplin,* 486 S.W.2d 287, 290[9] (Mo.App.1972); *Haughton Elevator Co. v. C. Rallo Contracting Co.,* 395 S.W.2d 238, 246[10] (Mo.App.1965); *Oddo v. Associated Wholesale Grocers, Inc.,* 387 S.W.2d 169, 173[7] (Mo.App.1965); *E. C. Robinson Lumber Company v. Lowrey,* 276 S.W.2d 636, 641–642[9] (Mo.App.1955) and cases there cited in note 7.

Defendants' second point relied on reads: "The court erred in denying Defendants specific performance of their real estate contract and as a consequence erred in quieting title in Plaintiffs and in ordering Defendants ejected from the real estate in question in that Plaintiff Williford acted as agent for his undisclosed principal, Bowen, in executing the real estate contract, and Bowen is bound thereby because Bowen by his course of conduct as set out in [point relied on] I. above apparently clothed Williford with full and complete authority to deal with the real estate as his own and in his own name only."

■ As previously indicated, plaintiffs owned the subject real estate as tenants in common, a fact defendants knew or should have known a month after the real estate contract in question was executed only by plaintiff Williford and the defendants and before defendants undertook any extensive improvements to the property. However, the chief defect in defendants' second point is that under usual circumstances, neither tenant in common may, in dealing with third persons, bind the other tenant by any act with relation to the common property, not previously authorized nor subsequently ratified, because tenants in common do not sustain the relationship of principal and agent to one another, neither are they partners. *Timothy v. Hicks,* 237 Mo.App. 126, 136, 164 S.W.2d 99, 105[5] (1942); 86 C.J.S. Tenancy in Common § 108 at p. 515. As there was no showing that plaintiff Bowen previously authorized or subsequently ratified any actions by plaintiff Williford as amounting to acts as his own, defendants' final point is denied.

For the reasons heretofore stated, plaintiffs' appeal is dismissed and the judgment as it relates to defendants' appeal is affirmed.

FLANIGAN, C. J., and KEET, CAMPBELL, BARKER and HENRY, Special Judges, concur.