## THE FIRST NATIONAL BANK OF CLAY CENTRE v. S. D. BEEGLE.

JUDICIAL SALE — *Growing Crops — Severance.* A crop of corn was planted and grown upon mortgaged land by the mortgagor. In accordance with a judgment of foreclosure, the land was sold without reservation on the last day of September. Four days before the sale of the land, the mortgagor sold the crop of corn to another. The corn was then mature, but there had been no physical severance of the same from the land at the time of the judicial sale. *Held,* That the vendee of the mortgagor was entitled to the crop, and that the same did not pass with the soil to the purchaser of the land. *Held,* Further, that the sale of the corn by the mortgagor constituted a constructive severance of the same from the land.

*Error from Clay District Court.*

ACTION by *Beegle* against the *Bank* for conversion. Plaintiff had judgment at the March term, 1890. The defendant brings the case here.

*Harkness & Godard,* for plaintiff in error.
*C. C. Coleman,* and *Anthony & Stackpole,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: S. D. Beegle brought an action against the First National Bank of Clay Centre, Kas., alleging that it had wrongfully converted 5,000 bushels of corn belonging to the plaintiff, of the value of $1,250, for which sum judgment was demanded. The corn was grown upon mortgaged land in the year 1889. The crop was planted and cultivated by F. M. Tuthill, who was the owner of the land prior to September 30, 1889, and upon which he had given a mortgage that was foreclosed by the bank. The judgment of foreclosure was rendered January 26, 1889, under which a sale was made to the bank on September 30, 1889. No reservation of the crop was made at the sale, which was confirmed November 26, 1889. Plaintiff, Beegle, claimed, and offered testimony to prove, that he purchased the corn from Tuthill after it had fully matured, and that the harvesting of the same began before the sheriff's sale and continued uninterruptedly until about the 1st of November, and that the purchase was made in good faith and for a valuable consideration. The testimony was somewhat conflicting in regard to the maturity of the corn on September 30, 1889, when the judicial sale occurred, and as to the *bona fides* and absolute character of the sale of the corn. The jury, after being properly instructed, found generally in favor of the plaintiff upon all the issues, and this finding effectually settles the controversy.

The contention of plaintiff in error is, that as the corn was standing in the field, unhusked, the title thereto passed to the

bank by virtue of the foreclosure sale. It has been clearly settled in this state that a conveyance of land, either by voluntary deed or judicial sale, without reservation, carries all growing crops with the title to the land. This rule only applies to crops which are immature and have not ceased to draw nutriment from the soil at the time of sale, and is not applicable to crops that are ripe and ready for harvest. This distinction has been carefully recognized in all the cases where the subject was considered. (*Garanflo v. Cooley*, 33 Kas. 137; *Beckman v. Sikes*, 35 id. 120; *Caldwell v. Alsop*, 48 id. 571; *Goodwin v. Smith*, 49 id. 351; *Land Co. v. Barwick*, 50 id. 57.) When the crops mature they can no longer be regarded as a part of the realty, and hence do not pass to the purchaser of the land. As the ripened crop possesses the character of personalty, the fact that it rests upon the land, unsevered, is of little consequence. If the severance of such a crop was at all material, it had in legal effect been severed through the sale by Tuthill to the plaintiff. The mortgage or sale of a ripened crop at least operates as a constructive severance of the same from the land. (*Caldwell v. Alsop*, supra; *Willis v. Moore*, 59 Tex. 628; 2 Freem. Ex'ns, 349.)

None of the errors assigned by plaintiff in error can be sustained, and hence the judgment of the district court will be affirmed.

All the Justices concurring.