THOMAS FIREBAUGH

*v.*

ISAAC DIVAN.

*Opinion filed February 17, 1904.*

REAL PROPERTY—*crops not severed from the soil pass by deed, though mature.* Crops not severed from the soil, although mature and ready to be gathered, pass to the grantee upon delivery of a deed containing no reservation of the crops to the grantor. (*Powell v. Rich*, 41 Ill. 466, explained and criticised.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

This is an action of assumpsit, begun in the circuit court of Champaign county by the appellant, against the appellee. The declaration contained one count, and alleged that on the 21st day of October, 1902, the plaintiff sold and delivered to the defendant a certain piece of real estate, and conveyed the same to him by warranty deed containing general covenants of warranty; that at the time of said sale the plaintiff had standing upon said land the corn that was grown thereon that year; that while said corn was still undetached from the soil, it

was, nevertheless, fully matured and ready for gathering and cribbing at the time of said sale; that said corn was not reserved or mentioned in said deed; that a few days after said deed was delivered plaintiff sought to remove the corn but was prevented from so doing by the defendant; that the defendant gathered the corn and converted the same to his own use, to the damage of the plaintiff of the sum of $300. A general demurrer was filed to the declaration, which was sustained. The plaintiff elected to stand by his declaration, and judgment was rendered in favor of the defendant in bar of the action and for costs. The plaintiff prosecuted an appeal to the Appellate Court for the Third District, where the judgment was affirmed, and a certificate of importance having been granted by the Appellate Court, a further appeal has been prosecuted to this court.

JOHN J. REA, for appellant:

A conveyance of land, either by voluntary deed or judicial sale, without reservation, carries all growing crops with the title to the land. This rule only applies to crops which are immature and have not ceased to draw nutriment from the soil at the time of the sale, and is not applicable to crops that are ripe and ready for harvest. This distinction has been carefully recognized in all the cases where the subject was considered. *Bank* v. *Beegle,* 52 Kan. 709; *Garanflo* v. *Cooley,* 33 id. 137; *Beckman* v. *Sikes,* 35 id. 120; *Caldwell* v. *Alsop,* 48 id. 571; *Goodwin* v. *Smith,* 49 id. 351.

Crops ripe for the harvest are personal property. They pass to the executor, and not to the heir. They are liable to be seized on execution, and the officer may enter, cut down, seize and sell the same as other personal estate. *Penhallow* v. *Dwight,* 7 Mass. 34; *Heard* v. *Fairbanks,* 5 Metc. 111; *Mulligan* v. *Newton,* 16 Gray, 212; *Chesire Bank* v. *Jewett,* 119 Mass. 241; *Sherman* v. *Willett,* 42 N. Y. 146; *Shepard* v. *Philbrick,* 2 Denio, 174; *Shannon* v.

*Jones,* 12 Ired. L. 208; *Brittain* v. *McKay,* 1 id. 268; *Stewart* v. *Doughty,* 9 Johns. 108; *Bradner* v. *Faulkner,* 34 N. Y. 347.

A conveyance of realty carries the annual crops, but crops that are ripe and ready for harvest will not, being unmentioned in the deed, pass thereby as realty. Washburn on Real Prop. sec. 11, p. 11.

F. M. GREEN & SON, for appellee:

Matured crops, if severed from the soil, become personalty, and do not pass by a deed; but crops not severed, whether ripe or unripe, pass to the vendee by the deed, as being annexed to and forming a part of the freehold. *Damery* v. *Ferguson,* 48 Ill. App. 224; 4 Kent's Com. 468; 2 Blackstone's Com. 122, note 3; *Killredge* v. *Woods,* 3 N. H. 503; Broom's Legal Maxims, 354; *Tripp* v. *Hasceig,* 20 Mich. 254; *Heavilon* v. *Heavilon,* 29 Ind. 509.

The general rule of the common law is, that growing crops form a part of the real estate to which they are attached and from which they draw nourishment, and unless there has been a constructive severance of them from the land they follow the title thereto. 8 Am. & Eng. Ency. of Law, (2d ed.) 303.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The law in this State is well settled that, as between vendor and vendee, growing crops produced by annual planting and cultivation are real estate, and pass to the vendee unless they are reserved in the deed or by other writing executed simultaneously with the deed. This is conceded by the appellant to be the general rule, but it is contended where the crops are fully matured at the time of the execution of the deed and are ready to be severed from the soil they do not pass to the vendee, but that the title thereto remains in the vendor, and he may afterwards enter upon the land and remove the same, and if they are gathered by the vendee and converted to

his use he is liable to the vendor for their value. We do not agree with such contention, but are of the opinion, upon principle and authority, that there is no distinction in this particular between crops, whether mature or immature, standing upon the land at the time of the conveyance. A deed, when delivered, transfers to the grantee all the interest of the grantor in the land not reserved and entitles the grantee to possession. The title to the crops then standing upon the land, not severed from the soil, whether ripe or unripe, passes to the vendee as a part of the land. By the delivery of the deed the vendor loses all dominion over the land. In *Tripp* v. *Hasceig,* 20 Mich. 254, (a well considered case,) it was held that ripe crops, although no longer drawing nutriment from the ground, will, if still unsevered, pass by a conveyance of the land. In 4 Kent's Commentaries, on page 468, it is said: "If the land be sold without any reservation of the crops in the ground, the law is strict as between vendor and vendee; and I apprehend the weight of authority to be in favor of the existence of the rule that the conveyance of the fee carries with it whatever is attached to the soil, be it grain growing, or anything else, and that it leaves exceptions to the rule to rest upon reservations to be made by the vendor."

While cases may be found holding to the contrary, we feel convinced the rule above stated is the true doctrine. It is said the contrary rule is announced in *Powell* v. *Rich,* 41 Ill. 466. The court, in that case, held the crops, which at the time of the conveyance were immature, passed to the grantee, and the question here presented was not then before the court. What was there said in regard to the rule when the crops have matured was unnecessary to be said, and is not considered by us as an authority in support of the contention of the appellant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*