## FARMERS BANK OF MT. VERNON v. PARKER.

Springfield Court of Appeals, December 6, 1922.

1. **CROPS: Owner of Land May Sever Growing Crops Constructively.** The owner of land may treat growing crops as personalty and sever the same constructively.

2. **CHATTEL MORTGAGES: Chattel Mortgage on Growing Crops Superior to Lien of Unforeclosed Land Mortgage.** In view of the rule that the owner of land may constructively sever growing crops, and that a mortgagor of land is the owner until a sale under the mortgage, where the owner of the legal title to land gave a chattel mortgage on growing crops prior to a sale under a mortgage given on the land, the holder of the chattel mortgage had the superior right to the crop.

Appeal from the Circuit Court of Lawrence County.— *Hon. Charles L. Henson,* Judge.

AFFIRMED.

(96)

*R. V. McPherson* and *I. V. McPherson* for appellant.

(1)   The court erred in finding its verdict and rendering its judgment for plaintiff on the facts and the law.   Steele to use of Milloy v. Faber, 37 Mo. 71; McIlvane v. Harris, 20 Mo. 458; Hayward v. Poindexter, 229 S. W. 256.   (2)   Upon the authority of the cases above cited, the growing wheat was a part of the said land and was conveyed to defendant by the trust deed as effectually as any other part of the said land.

*William B. Skinner* and *Katherine Hatterman* for respondent.

(1)   Annual crops, raised by yearly labor and cultivation or *fructus industriales* are to be regarded as personal chattels, independent and distinct from land, capable of being sold by oral contract, and this without regard to whether the crops are growing or have matured. Grath v. Caldwell, 72 Mo. 627; Holt v. Holt, 57 Mo. App. 272; Stafford v. Spratt, 93 Mo. App. 631; Lead Co. v. White, 106 Mo. App. 222; Turner v. Morris, 142 Mo. App. 60.   (2)   Growing crops are personal property when severed from the land and a sale or mortgage of them by the mortgagor amounts to a severance.   If the mortgagee, before the debt is due, goes into possession of the mortgaged premises under an agreement with the mortgagor, he does not thereby acquire any title to a crop growing upon the land at the time of the agreement, which had previously been sold.   Jones on Mortgages, par. 697; Sexton v. Breese, 32 N. E. 133; Hayward v. Poindexter, 206 Mo. App. 398.   (3)   The modern law in reference to the mortgages and deeds of trust is that the title is vested in the mortgagee or trustee only for the purpose of security, and not to convey the legal ownership.   Benton Land Co. v. Zeitler, 182 Mo. 251; Jackson v. Johnson, 248 Mo. 698; Fisher v. Johnson, 51 Mo. App. 163.

FARRINGTON, J.—This is a suit for conversion of a crop of wheat. The case was tried on an agreed statement of facts in the circuit court, and we can reduce that statement of facts to within a small compass for the purpose of disposing of the question here. On February 20, 1919, the defendant, who was the owner of a farm, sold it to a man by the name of Poland and conveyed the same by warranty deed. On this land at that time was a growing crop of wheat which afterwards matured and for which this suit for conversion was brought. Poland, to secure the payment of the unpaid purchase money, executed a deed of trust on the land to secure the payment of the unpaid purchase notes to Ira Parker, the defendant. On March 5, 1919, the owner of the farm, and who was then in possession, borrowed $100 from the plaintiff herein and secured the payment of same by a chattel mortgage on this growing wheat crop. In May, 1919, Poland fled the country and abandoned the farm. The latter part of May the defendant, who held the notes secured by the deed of trust, took possession of the place. On June 20th he cut the wheat, and on June 26th a sale was made under the deed of trust given to the defendant. The defendant having cut the wheat on June 20th had it threshed and refused to recognize any rights of the plaintiff who was claiming the wheat under its chattel mortgage.

The question here is who had the right to this wheat as between those claiming under the deed of trust on the land given in February, or the bank holding the chattel mortgage given in March? As we view the case, there can be but one conclusion reached under the law of this State, and that is that when Poland, the owner of the land who held the legal title to same, gave a chattel mortgage on the growing crop in March, he thereby constructively severed this growing crop from the real estate, made it personalty and subject to the chattel mortgage held by the plaintiff. We find a rule of law sustaining this conclusion set forth in Jones on Chattel

Mortgages (5 Ed.), sec. 130, page 188: "Growing crops are so far a part of the realty that upon the entry of a mortgagee of the land, all the crops not severed pass under the mortgage. But a chattel mortgage of the crops, made by the owner in possession, operates in law as a severance of them, so that they will not pass under a mortgage of the land upon the subsequent entry of the mortgagee and sale of the realty under the mortgage." In the notes under this declaration of law will be found cited three cases, two upholding the text and one contrary. The two cases upholding the text are Willis v. Moore, 59 Texas, 628, 46 Am. Rep. 284; White v. Pulley, 27 Fed. 436. The reason given in these cases strikes us as that which must control transactions of this character where the law is that the giving of a mortgage or deed of trust does no divest the mortgagor from title or ownership of the land until there has been a sale under foreclosure proceedings, and this distinction is made in the cases cited which hold distinctly that the mortgagor prior to condition broken in his mortgage on land may constructively sever the growing crops on such land, and that when he gives a chattel mortgage on same such mortgage will take precedence over the rights of those claiming under the deed of trust. The case holding contrary to this fact is that of Jones v. Adams, 37 Oregon, 473, 59 Pacific, 811, 82 Amer. St. Rep. 766. This latter case holds that the right of one holding a chattel mortgage given on a growing crop is not superior to a lien of the mortgage on the land where the crop is not actually severed from the land until after foreclosure sale. In other words, it holds that there can be no constructive severance. Under either rule, the facts of our case would give the plaintiff here the superior right to this wheat because, as heretofore stated, there was not only a constructive severance made in March, when the chattel mortgage was given, but an actual severance by cutting the wheat on June 20th, six days before the sale under the land mortgage.

The rule is well settled in this State that an owner of land may treat growing crops as personalty and sever the same constructively. [Hayward v. Poindexter, 206 Mo. App. 398, 229 S. W. 256, a decision by this court, and cases therein cited.] Under the Missouri rule, therefore, where the owner of land may sever growing crops actually or constructively, and where a mortgagor in a mortgage given on land in Missouri, until a sale under the mortgage, is the owner of the land and entitled to the possession and fruits thereof, we hold he can and does constructively sever the growing crops from the land when he gives a chattel mortgage on the growing crops prior to a sale under the mortgage given on the land, and that the holder of the chattel mortgage has the superior right to the crop which was secured in his chattel mortgage. For these reasons the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.