H. J. STARKEY, Appellant v. D. R. POWELL.

Court in Banc, October 8, 1926.

**GROWING CROPS: Foreclosure of Deed of Trust.** A purchaser of land at a foreclosure sale under a deed of trust, without notice that standing corn thereon had been by oral contract sold by the mortgagor before maturity of the mortgage note, is entitled to such unsevered corn as against such purchaser from the mortgagor.

---

Corpus Juris-Cyc. References: Mortgages, 27 Cyc., p. 1729, n. 89, 94.

Transferred from Kansas City Court of Appeals.

REVERSED AND REMANDED.

*Paul Barnett* for appellant.

(1) Crops growing on mortgaged lands are covered by the mortgage, and until they are severed the mortgage attaches to the crops as well as to the lands; and if the land be sold for condition broken before severance, the purchaser is entitled to the growing crops, not only as against the mortgagor, but against all persons claiming in any manner through or under him, subsequent to the recording of the mortgage, and the question of their maturity or immaturity is immaterial. Vogt v. Cunningham, 50 Mo. App. 136; McIlvane v. Harris, 20 Mo. 458; Reed v. Swan, 133 Mo. 106; Watson v. Menteer, 59 Mo. App. 387; Wells v. Bente, 86 Mo. App. 268; Hayward v. Poindexter, 229 S. W. 259. A sale of the crop by the mortgagor before foreclosure, but without cutting, is not sufficient to prevent the crop from passing under the trustees' deed. Anderson v. Straus, 98 Ill. 485; Jones v. Thomas, 8 Blackf. (Ind.) 428; Beckman v. Sikes, 35 Kan. 120; Wootton v. White, 90 Md. 64. The statute makes an exception to the rule that no one claiming under the mortgagor can hold the crop against the purchaser at foreclosure of a mortgage upon the land, if the crops be unsevered at the time of foreclosure. (2) A constructive severance of crops must be by contract or acts of the party bound thereby. Hayward v. Poindexter, 229 S. W. 256. Constructive severance simply means that the courts will construe the contract of the parties according to its true intent. It does not mean that after a mortgagor has

executed an instrument which is a valid lien upon his growing crops, he can then, by contract with a third person, and without the consent of the mortgagee, give a third person the right to compel the mortgagee against his will to treat growing crops as though they had been severed.

*Jones & Jones* for respondent.

(1) Annual crops raised by yearly labor and cultivation are to be regarded as personal chattels, independent of and distinct from the land capable of being sold by oral contract, and such contract is not within the Statute of Frauds. Holt v. Holt, 57 Mo. App. 274; Smock v. Smock, 37 Mo. App. 63; Leidy v. Carson, 115 Mo. App. 1. (2) The appellant has no basis on which to urge his proposition of innocent purchaser. He purchased the tract of land, on which the crop of corn involved in this suit was raised, at trustee's sale, for $500. He was chargeable with notice at said trustee's sale that the owner of the crop of corn on this tract of land was in possession. That the owner in possession of the land had planted and cultivated the corn crop standing thereon, and he was chargeable with notice that the owner of the land who had planted and cultivated the corn crop had the right, under the law, to sell the same to whoever he saw fit and pass good title to such corn to the purchaser thereof; and had the right to deliver the possession of the corn field to the purchaser of the crop of corn, and that such purchaser had the right to enter and remove the corn crop. Avit & Robinson v. Ferrell, 68 Mo. App. 608; Leidy v. Carson, 115 Mo. App. 4. (3) Morgan was the trustee, and he knew of this sale at the time that it was made, not only so, but the appellant in purchasing it at trustee's sale could only acquire such title as the trustee had to convey, and the trustee had no title to the corn crop in this case. (a) Because the mortgage did not cover the corn. (b) Because there had been a constructive severence or severance in law of the corn by the public sale held on the third of September, at which sale respondent purchased the corn. The appellant cannot claim that he was an innocent purchaser in this case. Barnard v. Duncan, 38 Mo. 170, 90 Am. Dec. 416; Dairy Co. v: Mercantile Club, 241 S. W. 928.

ATWOOD, J.—This is an action for trespass and conversion. The petition was filed in the Circuit Court of Pettis County, December 4, 1923, and consists of two counts, the first alleging a simple conversion of two hundred and fifty bushels of standing and growing corn, of the value of $177.50, and the second alleging conversion under Section 4242, Revised Statutes 1919, known as the treble-

damage statute, of about fifty-five acres of standing co   unsevered from the ground, of the value of about $1300.

Defendant's answer consisted of a general denial of the first and second counts of the petition, and allegations that one Charles Bodenheimer, on September 3, 1923, and prior and subsequent thereto, was the owner and in possession of the land described in plaintiff's petition, and during the year 1923 had planted and cultivated a crop of corn thereon; that prior to September 3, 1923, he, the said Bodenheimer, advertised the said crop of growing corn and all of his other personal property for public sale on said 3rd day of September, 1923, and pursuant thereto sold said entire crop of standing corn to defendant for the price and sum of seventy cents a bushel, giving defendant the right to go upon said land and cut up, gather, care for and remove said corn crop as he desired; and that plaintiff has not and never has had any right, title or interest in and to said corn crop or any part thereof.

Plaintiff's reply denied all allegations of new matter in defendant's answer.

There is little conflict in the evidence. It tended to support the allegations of fact set up in the petition and answer, and further showed that Bodenheimer and his wife on September 18, 1922, executed a deed of trust on said land to secure a note of that date for $4,000, due two years after date, bearing interest from date at the rate of seven per cent per annum, interest payable annually; that this deed of trust was second and subject to a prior deed of trust on the same land securing a principal indebtedness of $17,000; that ten or twelve days after defendant purchased said standing crop of corn by oral bid at said public sale on September 3, 1923, defendant cut up and shocked about forty acres thereof (which part of the crop is not involved in this action); that afterwards, on the 18th day of September, 1923, the said Bodenheimer defaulted in the payment of the interest then due on the $4,000 note secured by said second deed of trust on the land; that afterwards, on or about October 1, 1923, the trustee named in said deed of trust, at the request of the legal holder of said mortgage indebtedness, advertised said land for sale under said deed of trust; that in the meanwhile the said Bodenheimer traded the farm to one Harris Cohen, but remained in possession thereof until on or about November 3, 1923; that on October 22, 1923, the land was sold under said foreclosure proceeding, the corn crop covered by this action still standing in the field unsevered from the ground, and plaintiff herein became the purchaser of said land at said foreclosure sale, without actual notice of the alleged purchase of said standing corn crop by defendant herein; that a few days after November 1, 1923, defendant entered upon the land and gathered and

removed the corn described in the first count of plaintiff's petition, and after plaintiff had locked the gate of the farm and served defendant with written notice that he owned the corn and forbidding his gathering same, defendant again entered the farm and gathered the corn sued for in the second count of plaintiff's petition.

At the close of all the evidence the court gave the jury, at the request of defendant, a peremptory instruction to find for defendant. The jury returned a verdict accordingly, and judgment was rendered for defendant. Plaintiff appealed and assigned errors as follows:

1. The court erred in instructing the jury at the close of all of the evidence, to find for the defendant.

"2. The court erred in holding that defendant got title to a crop unsevered from the soil by an oral sale as against the purchaser of the land under foreclosure of a deed of trust put upon the land prior to the sale, such purchaser having purchased before severance of the crop.

"3. The court erred in holding that there was a constructive severance of the crop.

"4. The court erred in holding that an oral sale of the crop passed a good title as against an innocent purchaser in good faith at foreclosure sale under a deed of trust upon the land."

The Kansas City Court of Appeals held that appellant, who was the purchaser at the foreclosure sale under the deed of trust, acquired title to the corn crop then standing and unsevered from the ground, and reversed the judgment and remanded the case, but deeming its decision in conflict with the decision of the Springfield Court of Appeals in Farmers Bank of Mt. Vernon v. Parker, 215 Mo. App. 96, the case was transferred to this court. In Farmers Bank of Hickory v. Glade T. Bradley, *ante,* page 811, the same question arose in connection with rights asserted under a chattel mortgage given by the maker of a deed of trust on a standing corn crop. The rule there stated and applied is applicable and controlling in this case. The judgment of the circuit court is reversed and the case remanded. All concur, except *Graves, J.,* who is absent.