No. 15,604.

WOOD *v.* WOOD.
(183 P. [2d] 889)

Decided June 30, 1947.

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. AUSTIN & KONKEL, for defendant in error.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is a proceeding to determine the ownership of a corn crop standing on land at the time of transfer of the realty by warranty deed without reservations. The parties are here in reverse order of their appearance in the

trial court and we hereinafter refer to them as plaintiff and defendant.

Plaintiff and defendant are husband and wife, but for some time prior to this proceeding had not been living together. In settlement of a suit brought by her against him, he gave her a warranty deed to a half section of land, less a reserved strip. The deed was executed and delivered on the 28th day of September, 1943. It contained no reservations, except as above noted, and the land was represented as free and clear. At the time the deed was executed and delivered there was a corn crop standing on the land which had been raised by renters under a crop payment plan of one-third of the crop to the landlord. Defendant took the one-third share, sold it and received four hundred ninety-one dollars therefor. Plaintiff, claiming it belonged to her, brought this suit, recovered judgment for four hundred ninety-one dollars against defendant and she brings the case here urging as points for reversal that: (1) The findings and judgment are contrary to the law and the evidence; (2) The court erred in entering judgment for the plaintiff and against defendant; (3) the court erred in not rendering judgment for defendant on her counterclaim; and (4) the court erroneously held that a corn crop became personal property and does not pass with a deed to the land as soon as the corn ceases to draw substance from the ground, although the corn may not be ready to harvest or to gather and crib, and that the court should have held that the corn crop is a part of the real estate until it has been severed from the ground on which it was growing, and the landlord's share passes to the grantee of a deed unless reserved. The first two and the last points will be considered together.

██ 1. Does a deed of land carry with it unharvested crops standing on the land at the time the deed is executed?

On this question there is a sharp conflict of authority. It is conceded to be the general rule that growing crops

pass with a deed to the land. Some authorities hold that, "Until a crop is severed from the land on which it is grown it is such a part of the real estate as will pass by a conveyance or devise of the land, unless reservation thereof is made, notwithstanding the fact that the crop may be fully matured at the date of the conveyance." 8 R.C.L., p. 360, §6. And it is said in 66 Corpus Juris, page 1038, section 790, that: "Unless they are reserved or excepted, crops attached to the land at the time of a sale or conveyance of the land so far partake of the nature of realty that they pass to the purchaser by the sale or conveyance as appurtenant to the land. The rule applies regardless of whether the crops are unripe or matured, so long as there has not been a severance, actual or constructive, of such crops from the land." It also was held in *Firebaugh v. Divan*, 207 Ill. 287, 69 N.E. 924, that: "The law in this state is well settled that, as between vendor and vendee, growing crops produced by annual planting and cultivation are real estate, and pass to the vendee unless they are reserved in the deed or by other writing executed simultaneously with the deed. This is conceded by the appellant to be the general rule, but it is contended where the crops are fully matured at the time of the execution of the deed and are ready to be severed from the soil they do not pass to the vendee, but that the title thereto remains in the vendor, and he may afterwards enter upon the land and remove the same, and if they are gathered by the vendee and converted to his use he is liable to the vendor for their value. We do not agree with such contention, but are of the opinion, upon principle and authority, that there is no distinction in this particular between crops, whether mature or immature, standing upon the land at the time of the conveyance." And in *Myers v. Steele*, 98 Kan. 577, 158 Pac. 660, after citing the Hecht and Beegle cases, infra, the court stated: "The reasons given for preferring the test of maturity to that of severance clearly suggest the corollary that a crop should be regarded as mature in

this sense whenever it has ceased to draw sustenance from the soil, notwithstanding it may require seasoning before it is ready to be stored or marketed, and therefore may conveniently and advantageously be left standing for a time."

On the other hand it has been held that, "The rule that growing crops pass with a conveyance of the land, only applies to crops that are still drawing nutriment from the soil and is not applicable to crops that are ripe and ready for harvest." 8 R.C.L., p. 360, §6; and it was held in *National Bank v. Beegle,* 52 Kan. 709, 35 Pac. 814, that: "This distinction has been carefully recognized in all the cases where the subject was considered. [Citing cases.] When the crops mature, they can no longer be regarded as a part of the realty, and hence do not pass to the purchaser of the land. As the ripened crop possesses the character of personality, the fact that it rests upon the land, unsevered, is of little consequence." And in *Hecht v. Dettman,* 56 Ia. 679, 10 N.W. 241, the court held: "The grain being mature, the course of vegetation has ceased and the soil is no longer necessary for its existence. The connection between the grain and the ground has changed. The grain no longer demands nurture from the soil; the ground now performs no other office than affording a resting place for the grain—it has the same relations to the grain that the warehouse has to the threshed grain or the field has to the stacks of grain thereon." It also was said in *Foss v. Marr,* 40 Neb. 559, 59 N.W. 122, that: "This rule, we think, is not applicable to grain which has matured, and is ready for the harvest. It then possesses the character of personal chattels, and is not to be regarded as a part of the realty."

The present case was tried to the court without a jury which found on good and sufficient evidence, it seems to us, that the corn crop was matured at the time the title passed from plaintiff to defendant September 28, 1943. The court held that corn is matured when it stops drawing sustenance from the soil and that when

that time comes, it becomes personal property and does not pass with the title to the land.

We cited with approval, and followed the rule laid down in *National Bank v. Beegle, supra,* in the case of *Tolland Co. v. First Nat. Bank,* 95 Colo. 321, 35 P. (2d) 867, and said: "The rule that conveyance of land, voluntary or by judicial sale, carries crops, does not apply to crops that are ripe and ready for harvest. Ripened crops possess the character of personalty, hence do not pass to the purchaser of the land."

We are of the opinion that the trial court was right in holding that the corn crop was personalty and did not pass with title to the land.

2. Defendant's Counterclaim. On this point the trial court said: "Mrs. Wood has a counterclaim for taxes [$21.82] that she paid on this land which he should have paid under the law. But she collected the government conservation payment [$30.00] which she was not entitled to, and which belonged to Mr. Wood, and that was more than the amount of the taxes she paid."

Under the circumstances we think the trial court was right in refusing to allow defendant's counterclaim.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.