James T. HOLDSWORTH and Cara S. Holdsworth, Appellants,

v.

Dudley KEY and Ula Key, Respondents.

No. KCD 27137.

Missouri Court of Appeals, Kansas City District.

March 3, 1975.

Ward B. Stuckey, Kansas City, for appellants.

William E. Turnage, Liberty, for respondents; Sevier & Turnage, Liberty, of counsel.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and SWOFFORD, J.

PRITCHARD, Chief Judge.

This is an action for conversion of a crop of corn. The facts are simple and are not disputed. On February 16, 1971, the plaintiffs executed a deed of trust on a tract of land owned by them. Subsequent to the execution of the deed of trust, plaintiffs planted and cultivated a crop of corn on this tract of land. On June 19, 1972, plaintiffs contracted to sell the crop of corn to a third party, delivery to be made in the fall. On June 30, 1972, the trustee named in the deed of trust conducted a foreclosure sale pursuant to the power of sale granted by the plaintiffs in the deed of trust. At said sale the defendants were the successful bidders and they received a trustee's deed to this tract of land. At the time of the foreclosure sale the crop of corn was still growing on this tract of land and had not been actually severed from the ground. Defendants took possession of this tract of land and later harvested the crop of corn.

In the court below plaintiffs claimed that the contract for the sale of the crop of corn executed on June 19, 1972, constituted a "constructive severance" of the crop of corn from the ground, and thereby relieved the crop of corn from the lien of the deed of trust. They claimed that as a consequence the defendants acquired no right to the crop of corn at the foreclosure sale. Plaintiffs claimed that defendants converted the crop of corn when they subsequently went upon the tract of land and reaped it. After defendants request for admissions had been filed and duly answered, they filed a motion for summary judgment. At the hearing of the motion for summary judgment, counsel for plaintiffs agreed that there existed no genuine issue as to any material fact, and that the question to be decided was strictly a question of law, namely, whether the contract for the sale of the crop of corn constituted a constructive severance of the crop of corn from the ground, and whether such a constructive severance relieved the crop of corn of the lien of the deed of trust. Defendants contended that the only way the crop of corn could be relieved of the lien of the deed of trust was by an actual severance

of the crop of corn from the ground. The trial court decided the question of law in favor of defendants, and sustained defendants' motion for summary judgment.

 In Missouri, it is a settled legal principle of long-standing that unless otherwise provided in the deed of trust, unsevered crops standing on mortgaged land at the time of a foreclosure sale are subject to the lien of the deed of trust and pass to the purchaser of the land at the foreclosure sale. Hayden v. Burkemper, 101 Mo. 644, 14 S.W. 767 (1890); Farmers' Bank of Hickory v. Bradley, 315 Mo. 811, 288 S.W. 774 (banc 1926). The only way a growing crop can be relieved of the lien of a deed of trust is by an actual severance of the crop from the ground prior to the foreclosure sale. If it is so relieved of the lien of a deed of trust it does not pass to the purchaser at the foreclosure sale. Farmers' Bank of Hickory v. Bradley, supra; Glenn on Mortgages, § 202.1, p. 1022.

Acknowledging such to be Missouri law, the plaintiffs argue that the contract for the sale of the crop of corn executed on June 19, 1972, constituted a "constructive severance" of the crop of corn from the land and that this should have the same legal effect upon the lien of the deed of trust as would an actual severance. The point must be ruled adversely to plaintiffs because of what was said by the Missouri Supreme Court en banc in the cases of Farmers' Bank of Hickory v. Bradley, supra, and H. J. Starkey v. D. R. Powell, 315 Mo. 846, 288 S.W. 776 (banc 1926).

The pertinent facts in Starkey are identical to those in the instant case: Two owners of a tract of land executed a deed of trust covering the land; thereafter, they planted and cultivated a crop of corn on it and sold the crop of corn to a third party while it was still growing. Shortly thereafter, the tract of land was sold at a foreclosure sale pursuant to the power of sale contained in the deed of trust, and the crop of corn was still unsevered from the land at the time of the foreclosure sale. The court held its decision in the case of Farmers' Bank of Hickory v. Bradley, supra, controlled the question of whether or not the purchaser at the foreclosure sale acquired the unsevered crop of corn when the crop of corn had been previously sold but left standing on the land at the time of the foreclosure sale.

In the Farmers' Bank of Hickory case, the court held that the purchaser of land at a foreclosure sale received everything to which the lien of the deed of trust extended on the date of sale, and that crops standing in the field on the day of the foreclosure sale were subject to the lien of the deed of trust, notwithstanding the fact that the standing crop had been the subject of a chattel mortgage executed by the owner of the land subsequent to the execution of the deed of trust but prior to the foreclosure sale. It said that while it was permissible to sever the ownership of land from the ownership of the crops standing thereon, such a severance of ownership, in and of itself, did not relieve the crops of the lien of the prior deed of trust, and:

> "The owner of the land could mortgage or sell the unsevered growing crops separate from the land, thereby effecting a severance of ownership, or 'constructive severance,' which would be good as between him and his grantee, but subject to the prior lien of the deed of trust and the usual incidents consequent upon its foreclosure." (288 S.W. at page 775)

 The language concerning the legal effect of a sale of the crops upon the lien of a prior deed of trust was dictum in Farmers' Bank of Hickory, because that case involved a chattel mortgage and not an absolute sale. Nonetheless, this dictum obviously and quite clearly became the holding in the Starkey case, wherein an absolute sale was involved. As such, it rules the instant case. Accordingly, even assuming arguendo that the contract for sale of the crop of corn executed by the plaintiffs on June 19, 1972, effected a sev-

erance of the ownership of the crop of corn from the ownership of the land, or a constructive severance, such severance did not relieve the crop of corn of the lien of the prior deed of trust. That could only be done by an actual severance of the crop of corn from the land prior to the foreclosure sale. Since the lien of the prior deed of trust remained on the crop of the corn on the day of the foreclosure sale, and since the purchaser at said foreclosure sale received everything to which the lien of the deed of trust extended on that date, the purchasers (defendants) received the crop of corn and the trial court was correct in so ruling.

■ Plaintiffs argue that the law as set forth in Farmers' Bank of Hickory and Starkey is inequitable since it denies one the right to reap what he sows and allows the purchaser at a foreclosure sale to reap a windfall at the expense of the defaulting mortgagor. Plaintiffs further argue that the policy of this state should be the encouragement of sowing and planting, and that this can be encouraged only by assuring a man that he shall reap what he sows. Plaintiffs invite this court to ignore the Farmers' Bank of Hickory and Starkey cases, and lay down a ruling which would avoid the aforementioned inequities and which would further the aforementioned policy. Article V, § 2, of the Constitution of Missouri, V.A.M.S., makes it the duty of this court to follow the last controlling decision of the Supreme Court, regardless of what may be thought of its soundness. Benton v. Kansas City, 237 Mo.App. 385, 168 S.W.2d 476 (1943); Harris v. Goggins, 363 S.W.2d 717 (Mo.App.1963). The Supreme Court having decided the exact question presented by the instant case in the Farmers' Bank of Hickory and Starkey cases, and these cases having never been overruled, this court is bound to give said decisions controlling effect.

The judgment is affirmed.

All concur.