Jack R. FLETCHER and
Patricia A. Fletcher,

and

James L. Fletcher, Sr., and Maxine
Fletcher, Plaintiffs–
Respondents,

v.

Nancy STILLMAN, Defendant–Appellant.

No. 20462.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 1996.

Motion for Rehearing or Transfer
Denied Nov. 21, 1996.

Stephen P. Sokoloff, Kennett, for defendant–appellant.

John M. Beaton, Brian D. Hively, Welman, Beaton, Hively & Godley, Kennett, for plaintiffs–respondents.

SHRUM, Judge.

Plaintiffs sought a determination by the trial court that as purchasers of farm real estate at a deed of trust foreclosure sale, they were entitled to the landlord's share of a matured but unharvested soybean crop that was on the land when they bought it. Defendant, as beneficiary of a management trust that held title to the land until foreclosure, claimed she was entitled to the landlord's share of the soybean crop because the soybeans had matured before the sale. The trial court found for Plaintiffs. Defendant appeals. We affirm.

The parties stipulated to the facts. On September 28, 1992, Plaintiffs bought a New Madrid County farm at a foreclosure sale. Located on the farm at the time of the foreclosure sale was a matured but unharvested soybean crop that had been planted by a renter. When the renter harvested the soybeans after September 28, 1992, the landlord's one-third share of the crop sale proceeds was placed in a joint account pending resolution of the dispute. Plaintiffs then filed this suit in which they claimed entitlement to the crop proceeds on the theory that any crops not yet harvested passed with the land. Contrarily, Defendant claims that she is entitled to the crop proceeds because the crops had matured before the foreclosure sale, i.e., they were ready for harvest even though they had not yet been severed. The trial court concluded that it was bound by the case of *Holdsworth v. Key*, 520 S.W.2d 637 (Mo.App.1975), and found for Plaintiffs. This appeal followed.

*Holdsworth* contains this language:

"In Missouri, it is a settled legal principle of longstanding that unless otherwise provided in the deed of trust, unsevered crops standing on mortgaged land at the time of a foreclosure sale are subject to the lien of

the deed of trust and pass to the purchaser of the land at the foreclosure sale. *Hayden v. Burkemper*, 101 Mo. 644, 14 S.W. 767 (1890); *Farmers' Bank of Hickory v. Bradley*, 315 Mo. 811, 288 S.W. 774 (banc 1926). The only way a growing crop can be relieved of the lien of a deed of trust is by an actual severance of the crop from the ground prior to the foreclosure sale." *Id.* at 639[1–2].

■ Nevertheless, Defendant insists that the trial court erred in granting judgment for Plaintiffs because *Holdsworth* and other Missouri cases analyzed in her brief dealt with crops that were still growing at the time of sale and did not involve a matured crop as existed here. Defendant asserts that crop maturity distinguishes this case from any heretofore decided in Missouri, thus this is a case of first impression. With that as her premise, Defendant urges this court to adopt "the more equitable and fair rule, applied by numerous jurisdictions, [which] is that if the crop is mature and no longer drawing any nutrients or sustenance from the real estate, it is personalty, and does not pass with the land." Jurisdictions that adhere to this rule do so on the theory that once a crop matures and is no longer being supported by the soil, a constructive severance occurs so that the crop thereafter bears the same relation to the land on which it stood as it would if stored in a warehouse or barn. *See, e.g. Wood v. Wood*, 116 Colo. 593, 183 P.2d 889 (1947); *First National Bank v. Beegle*, 52 Kan. 709, 35 P. 814 (1894); *Hecht v. Dittman*, 56 Iowa 679, 7 N.W. 495 (1880).

In making her argument, Defendant concedes that *Vogt v. Cunningham*, 50 Mo.App. 136 (1892), weakens the claim that her case is one of first impression in Missouri. In *Vogt*, the crop in question was mature, yet the Kansas City Court of Appeals rejected the view that the maturity of the crop should control as to whether or not it passed with the land, finding instead that the crop passed to the purchaser at foreclosure as it had not been severed before the date of sale. Nevertheless, Defendant urges this court to disregard *Vogt* as controlling Missouri authority for the following reasons. First, she says that the *Vogt* court failed to consider the fact

that earlier Missouri decisions all dealt with crops that had not matured, thus distinguishing it from those earlier cases. Second, she asserts that *Vogt* misstates most of the authorities it cites. Specifically, she claims that the *Vogt* court ascribed a holding to *Culverhouse v. Worts*, 32 Mo.App. 419 (1888) which was not made in that case. Likewise, she claims that *Vogt* mischaracterized the holding of Kansas case, *Beckman v. Sikes*, 35 Kan. 120, 10 P. 592 (1886).

In response, Plaintiffs contend that this is not a case of first impression and that indeed the concept of constructive severance as contended for by Defendant is a doctrine that has been rejected by Missouri courts. In support of their argument, Plaintiffs cite *Farmers' Bank of Hickory v. Bradley*, 315 Mo. 811, 288 S.W. 774 (banc 1926); *Starkey v. Powell*, 315 Mo. 846, 288 S.W. 776 (banc 1926); and *Vogt*, 50 Mo.App. 136. We find that the three cases Plaintiffs rely on, when read together, settle the issue contrary to Defendant's contentions.

First, whether the *Vogt* court misread the holdings of *Culverhouse* and *Beckman* as Defendant asserts is not entirely clear; certainly those cases were cited in *Vogt*, but they were not analyzed. It is clear, however, that the *Vogt* court did exhaustively examine other authority from which it then concluded that "[t]he right of the former owner or his tenant, as against the purchaser under the foreclosure sale, is made to depend on the fact as to whether or not the crops have been separated from the soil, and *not* upon any state of maturity." 50 Mo.App. at 140. Moreover, *Vogt* quoted with approval from the case of *Tripp v. Hasceig*, 20 Mich. 254, 4 Am. Rep. 388:

"[W]hether the crop of the seller of the farm goes with the land to the purchaser of the latter, when there is no reservation or exception, depends upon whether the crop is at the time attached to the soil, and not upon its condition as to maturity. And this seems to be the most natural and most practical rule. When parties are bargaining about land, the slightest observation will discover whether the crops are severed or not, and there will be no room for question or mistake as to whether they

belong with the land or not. If, however, the crops are to be considered as land or personal chattels, as they continue or do not continue to draw nourishment from the soil, the instances will be numerous in which very difficult inquiries will be requisite to settle the point.'"

*Vogt,* 50 Mo.App. at 140–41. After discussing the opposing view as represented by *Hecht v. Dittman,* 56 Iowa 679, 7 N.W. 495, the *Vogt* court declared that it would follow the rule announced by the Michigan court in *Tripp* in preference to the constructive severance rule followed by Iowa in *Hecht.* Contrary to Defendant's contentions, *Vogt* is directly in point; hence her case is not one of first impression in Missouri.

In *Farmers' Bank of Hickory v. Bradley,* landowners gave a deed of trust on their farm to secure a note. After defaulting on the real estate note, they gave a chattel mortgage to Farmers State Bank of Hickory for "75 acres of corn located on the farm...." After the chattel mortgage was given and while the corn was still standing and unharvested, the farm was sold to Bradley at foreclosure. Bradley took possession of the farm and its crops, which prompted Farmers Bank of Hickory to file an action in replevin against Bradley to recover the corn. In effect, the trial court instructed the jury to return a verdict for Farmers Bank of Hickory. When Bradley appealed, the Kansas City Court of Appeals reversed, holding that the deed of trust lien was superior to that of the chattel mortgage lien since the "growing corn crop" had not actually been severed from the ground at the time of the foreclosure sale. However, the case was transferred to the Missouri Supreme Court because the Kansas City court deemed its decision to be in conflict with *Farmers' Bank of Mt. Vernon v. Parker,* 215 Mo.App. 96, 245 S.W. 586 (1922). In *Parker,* this court held that a land owner, while in possession and before foreclosure, could mortgage the growing crop to a third party free and clear of the deed of trust lien. The Parker holding was based on the theory that this severance of ownership, a constructive severance, was equivalent to an actual severance of the crop from the soil. Once *Bradley* was transferred, the Supreme Court resolved the conflict when it sustained the decision of the Kansas City Court of Appeals and disapproved the contrary doctrine of constructive severance followed in *Parker. Bradley,* 288 S.W. at 776. In so doing, the *Bradley* court said: "We have uniformly held that neither the owner of the land nor his grantee could free the growing crop of the lien of the deed of trust, except by an actual severance from the soil before possession taken or foreclosure had under the deed of trust." *Id.* at 775[2].

*Starkey v. Powell* was a case handed down on the same day as *Bradley.* In *Starkey,* a landowner gave a deed of trust on his farm in 1922. Later, in September 1923, while the farm was still subject to the lien of the deed of trust, the landowner sold a corn crop that was on the farm to Starkey at a public sale. On October 22, 1923, the holder of the deed of trust caused a foreclosure sale to be held and Powell bought the farm. When Powell bought the farm, a part of the corn crop purchased earlier by Starkey remained unsevered in the field. Within "a few days after November 1, 1923," Powell gathered and removed the corn, prompting Starkey to sue him for trespass and conversion. The trial court gave the jury a peremptory instruction to find for Starkey. Powell appealed, charging that the trial court "erred in holding that there was a constructive severance of the crop." *Id.* at 777. The Kansas City Court of Appeals agreed and reversed, but again deemed its decision to be in conflict with *Parker* and ordered transfer. On transfer the Supreme Court held that the case was controlled by *Bradley,* thus clearly rejecting the doctrine of constructive severance of crops.

 Courts are constitutionally bound to follow the controlling decisions of the Supreme Court of Missouri. Mo. CONST. art. V, § 2 (1945); *Chambers v. Figgie International, Inc.,* 838 S.W.2d 168, 171[3] (Mo.App. 1992). *Bradley* and *Starkey* require that we reject Defendant's urging that she was entitled to the crop proceeds because the soybeans had matured prior to the foreclosure sale, an argument which is grounded upon the doctrine of constructive severance, a the-

ory clearly rejected in *Bradley* and *Starkey*. Although Defendant claims her case is distinguishable from *Bradley* and *Starkey* because the crops in those cases were not matured at the time of the foreclosure sale, it is a distinction without a difference. *Bradley* and *Starkey* did not turn on the narrow question of crop maturity, but rather were decided on the broader basis that Missouri would not recognize the doctrine of constructive severance of crops and that a crop can only be freed from the lien of a deed of trust by actual severance. *Bradley*, 288 S.W. at 775[2]; *Starkey*, 288 S.W. at 777.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.