**In re the MARRIAGE OF Ruth Anne LINDSAY and George Roland Lindsay.**

**Ruth Anne LINDSAY,**
**Petitioner/Appellant/Cross–Respondent,**

v.

**George Roland LINDSAY,**
**Respondent/Respondent/Cross–Appellant.**

**Nos. 21304, 21324.**

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 1998.

Susan S. Jensen, Pratt & Fossard, Springfield, for Petitioner/Appellant/Cross-Respondent.

Steven E. Marsh, Hulston, Jones, Gammon and Marsh, Springfield, for Respondent/Respondent/Cross-Appellant.

CROW, Judge.

Each party appeals from a document designated "Findings, Recommendations and Judgment and Decree of Dissolution of Marriage" signed by a family court commissioner of the Circuit Court of Greene County. This opinion henceforth refers to the document as "the putative judgment."

The putative judgment is not signed by a judge.

In *Marriage of Slay,* —— S.W.2d ——, 1998 WL 130815 (Mo. banc 1998), number 80405, decided March 24, 1998, the Supreme Court of Missouri held that a document purporting to be a judgment signed by a commissioner of the Circuit Court of St. Louis County was not a judgment because it was not signed by a judge. Consequently, explained the Court: "[N]o final appealable judgment has been entered, and this Court is without jurisdiction." The Supreme Court dismissed the appeal.

The putative judgment from which the parties bring the instant appeal has the same defect as the purported judgment in *Slay.*

This court is constitutionally bound to follow the decisions of the Supreme Court of Missouri. Mo. Const., Art. V, § 2 (1945); *Fletcher v. Stillman,* 934 S.W.2d 597, 599[2] (Mo.App. S.D.1996). In compliance with *Slay,* the instant appeals are dismissed.

GARRISON, P.J., and PREWITT, J., concur.