Martha Jan CARTER, Petitioner–
Respondent,

v.

Brian Earl CARTER, Respondent–
Appellant.

No. 21785.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 1998.

Robert F. Summers, David A. Sosne, Summers, Compton, Wells & Hamburg, P.C., St. Louis, for Appellant.

Gail L. Fredrick, Regina K. Dever, Fredrick, Rogers & Vaughn, P.C., Springfield, for Respondent.

PREWITT, Judge.

Brian Earl Carter appeals from a document designated "Findings, Recommendations and Judgment of Contempt" signed by a family court commissioner of the Circuit Court of Greene County. This opinion henceforth refers to the document as the "putative judgment." The legal file reflects that following entry of the putative judgment on April 21, 1997, circuit court Judge Thomas E. Mountjoy amended the Commissioner's findings by docket entry dated June 17, 1997. The docket sheet indicates the amendment was to one paragraph of the putative judgment and was done by the "court on own motion."

Under Rule 74.01(a), for there to be a judgment from which an appeal may lie, the judgment must be in writing, signed by the judge, denominated "judgment," and filed. *Brooks v. Director of Revenue*, 954 S.W.2d 715, 716 (Mo.App.1997). The docket entry appears to bear the initials of Judge Mountjoy, but fails to satisfy Rule 74.01(a) in other respects. Nor does it purport to determine the issues raised by the parties and covered in the putative judgment.

The putative judgment is not signed by a judge, but only by the commissioner, pursuant to Section 487.030.1, RSMo Supp.1996.

In *Marriage of Slay v. Slay,* 965 S.W.2d 845 (Mo.banc 1998), the Supreme Court of Missouri held that a document purporting to be a judgment signed by a commissioner of the Circuit Court of St. Louis County was not a judgment because it was not signed by a judge. The Court explained that "[N]o final appealable judgment has been entered, and this Court is without jurisdiction." The Supreme Court thereupon dismissed the appeal. This court is constitutionally bound to follow the decisions of the Supreme Court of Missouri. MO. CONST., art. V, § 2 (1945); *Fletcher v. Stillman,* 934 S.W.2d 597, 599 (Mo.App.1996).

The appeal is dismissed.

GARRISON, P.J., and CROW, J., concur.